### REISGO v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 16, 1923.)

No. 3909.

1. **Criminal law ⊚⇒429(2)—Failure to swear to return of search warrant does not affect its competency as evidence.**

The competency of a warrant to search defendant's premises as evidence against him in a prosecution for unlawfully possessing intoxicating liquor is not affected by the fact that the return was not sworn to.

2. **Criminal law ⊚⇒429(2)—Failure to furnish inventory of property seized under warrant does not render warrant incompetent as evidence.**

The failure to comply with the requirement of Comp. St. 1918, § 10496¼m, as to the filing of a sworn written inventory of property taken in executing a search warrant, does not render the warrant inadmissible in a prosecution for unlawfully possessing intoxicating liquor, since the making and delivery of the inventory was a ministerial act, the omission of which did not affect the validity of the search.

3. **Criminal law ⊚⇒1153(5)—Conviction not reversed for overruling objection to testimony by witness violating rule.**

A conviction will not be reversed because the trial court overruled an objection to testimony by a witness for the prosecution in rebuttal, on the ground that the witnesses were put under the rule and that witness had remained in the courtroom while evidence was being taken on behalf of defendant, where the bill of exceptions does not show that the facts were as stated in the objection, and there is nothing to show an abuse of discretion in the ruling.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Ramon Reisgo was convicted of unlawfully possessing intoxicating liquor, and he brings error. Affirmed.

W. K. Zewadski, Jr., of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., Maynard Ramsey, Asst. U. S. Atty., and Harry W. Reinstine, Sp. Asst. U. S. Atty., all of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error (herein called the defendant) was convicted, under an information charging that he did unlawfully and knowingly have in his possession described intoxicating liquor, and brings the case here by writ of error.

[1, 2] In connection with testimony as to the searching of the defendant's premises, a search warrant was offered in evidence. The defendant objected to the introduction of that instrument in evidence,

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"because the same does not show a proper return on the back, it not having been sworn to." The overruling of that objection was not error. The admissibility of the warrant was not dependent on the return being sworn to. The objection as made was not based on the ground that there was a failure to comply with the provision of the statute (Comp. St. 1918, § 10496¼m), as to the delivery to the official who issued such warrant of a sworn written inventory of property taken in executing it. It seems that, if the objection had been made on that ground, it would not have been well taken, as the making and delivery of the inventory called for is a ministerial act, the omission of which does not affect the validity of a search made in pursuance of the warrant. Rose v. United States (C. C. A.) 274 Fed. 245.

[3] The judgment is not subject to be reversed because of the action of the court in overruling an objection to a witness for the prosecution testifying in rebuttal, on the ground that the witnesses were put under the rule, and that said witness remained in the courtroom while evidence was being taken on behalf of the defendant. The bill of exceptions does not show that the facts were as stated in the ground upon which the objection was based. Furthermore there is nothing to indicate that the ruling in question involved an abuse of the discretion which a court may exercise in dealing with such a matter. 38 Cyc. 1871.

No other ruling is properly presented for review.

The judgment is affirmed.