**REDMON v. WITT, Sheriff.**

(Circuit Court of Appeals, Sixth Circuit. December 4, 1925.)

No. 4351.

**1. Habeas corpus ⊜⇒4—Proceeding cannot be used as substitute for error proceeding.**

Habeas corpus proceeding presents only question of jurisdiction, or invalidity of order or judgment, and cannot be used as substitute for error proceeding; remedy of relator, erroneously imprisoned by state court for contempt, being by appeal or error.

**2. Bankruptcy ⊜⇒20(2)—State court had jurisdiction to order bankrupt to turn over partnership property to partnership receiver.**

If money in partner's possession was partnership property, state court had jurisdiction to direct him to turn it over to partnership receiver, notwithstanding he had filed voluntary bankruptcy petition, and listed such sum as debt owing by him to partnership.

**3. Bankruptcy ⊜⇒149—Partner's trustee has no interest in partnership money, except to receive bankrupt's interest therein after all partnership debts are paid.**

Bankrupt partner's trustee had no interest or claim on partnership money in bankrupt's possession, except right to demand and receive his interest, if any, in partnership assets, after accounting and partnership debts were paid.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Petition for habeas corpus by Dalton M. Redmon against Richard B. Witt, Sheriff of Hamilton County, Ohio. From a judgment dismissing the writ, and remanding petitioner to custody of sheriff, petitioner appeals. Affirmed.

This is an appeal from an order dismissing a writ of habeas corpus and remanding the petitioner to the custody of the sheriff of Hamilton county, Ohio.

On the 14th day of January, 1924, the petitioner, Dalton M. Redmon, entered into a partnership agreement with Chester Redmon and A. A. Loyd, trustees of the estate of Peter F. Swing et al., for the operation of a farm in Hamilton county, Ohio. In December of the same year, Loyd, trustee, brought an action for the dissolution of the partnership, the appointment of a receiver, and an accounting. Upon this petition Wm. T. Lloyd was appointed receiver, and an order was entered by the common pleas court of Hamilton county, Ohio, directing all persons having possession of any partnership property to turn the same over to the receiver. Dalton M. Redmon and Chester Redmon having failed to turn over to the receiver the property of the partnership alleged in the petition to be in their possession, the receiver filed his written application, alleging, among other things, that these two partners had in their possession $800 in money and other personal property belonging to the partnership, which they had failed and refused to turn over to him as receiver in obedience to the order of the court.

A rule was issued against Chester Redmon and Dalton M. Redmon, requiring them to show cause why they should not be attached

for contempt of court. Upon the hearing, the court found from the evidence that Dalton M. Redmon had in his possession $525 in money belonging to the partnership, that he had failed and refused to deliver this money to the receiver in compliance with the former order of the court, and adjudged him guilty of contempt, and ordered and directed that he be imprisoned in the county jail of Hamilton county until he complies with the order of the court requiring him to turn over to the receiver this $525 belonging to the partnership.

On January 12, 1925, Dalton M. Redmon filed a petition for writ of habeas corpus in the District Court, alleging that he was restrained of his liberty by Richard C. Witt, sheriff of Hamilton county, Ohio. This petition recited the fact that on the 31st day of December, 1924, the common pleas court of Hamilton county, in the action for the dissolution of the partnership, had ordered and directed the petitioner to pay to the receiver the sum of $525, and that upon his failure to do so an order of commitment had issued in said cause to Witt, as sheriff of Hamilton county. The petition further avers that on the 2d day of January, 1925, the petitioner filed in the United States Court for the Southern District of Ohio, Western Division, his voluntary petition in bankruptcy, and among other claims in the schedule filed therewith was the claim that was the basis of the order in the common pleas court of Hamilton county; that petitioner was duly adjudicated bankrupt on the 3d of January, 1925, and said claim is one from which a discharge in bankruptcy would be a release; and further avers that the common pleas court of Hamilton county was without authority or jurisdiction to make the order of commitment.

Upon the hearing of this petition the District Court dismissed the writ of habeas corpus, and ordered the petitioner remanded to the custody of the sheriff. From this order and decree of the District Court the petitioner appeals.

W. B. Mente, of Cincinnati, Ohio, for appellant.

Carl E. Basler, Asst. Pros. Atty., and Richard C. Swing, both of Cincinnati, Ohio, for appellee.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] The claim of the appellant that this is a debt provable in bankruptcy, and from which a discharge in bankruptcy would be a release, wholly overlooks the finding of the common pleas court that this is not a debt due the partnership, but money belonging to the partnership then in the possession of Redmon. If any error intervened to the prejudice of petitioners in the hearing in the common pleas court, or if the finding of the common pleas court in this respect was not sustained by the evidence, the petitioner's remedy was by appeal or error from that decision. A habeas corpus proceeding presents only a question of jurisdiction or invalidity of the order or judgment, and cannot be used as a substitute for error proceeding. McGorray v. Sutter, 80 Ohio St. 400, 408, 89 N. E. 10, 24 L. R. A. (N. S.) 165, 131 Am. St. Rep. 715; Ex parte McKnight, 48 Ohio St. 588, 28 N. E. 1034, 14 L. R. A. 128. This court must therefore accept the findings and orders of the common pleas court, made in the action brought for the dissolution of the partnership and for an accounting.

[2] It necessarily follows that, if this money, then in the possession of Redmon, was money belonging to the partnership, as found by the common pleas court, then that court had jurisdiction to order and direct Redmon to turn it over to the receiver, and its jurisdiction was not affected in any way by the fact that Redmon had filed a voluntary petition in bankruptcy, and had listed the amount of money in his possession belonging to the partnership as a debt owing by him to the partnership.

[3] Nor would the trustee in bankruptcy have any interest or claim upon this money in the possession of Redmon that belonged to the partnership. His only interest therein would be the right to demand and receive Redmon's interest, if any, in the partnership assets, after the accounting and the partnership debts are paid out of property belonging to the partnership.

Judgment affirmed.