### NORDELLI et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 5, 1928.

No. 5246.

I. **Intoxicating liquors ⟠248—Affidavit held sufficient as basis for search warrant for dwelling house.**

Affidavit of a prohibition agent that a dwelling house is being used for unlawful sale of liquor and that liquor is now on the premises *held* sufficient to authorize issuance of search warrant, though based on information contained in the affidavit of another, made before the commissioner at the same time.

2. **Searches and seizures ⟠3(9)—Copy of search warrant need not be delivered to defendant before search or seizure.**

Officer executing search warrant is not required to deliver copy to defendant before making search or seizure.

3. **Searches and seizures ⟠3(9)—Omission to make full return to search warrant is irregularity correctable on motion.**

Failure to make full return of execution of search warrant is only an irregularity which may be corrected on motion.

**4. Arrest ⊚⟶71—Prohibition agents, making arrest immediately after sale, may search premises without warrant.**

Prohibition agents, arresting defendants in their dwelling house immediately after a sale of liquor, had the right to search the premises without a warrant.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Criminal prosecution by the United States against Helen Nordelli and Robert Nordelli. Judgment of conviction, and defendants bring error. Affirmed.

F. H. Bernard, of Tucson, Ariz., and H. G. Butts, King & Wood, and Wm. E. Loose, all of Houston, Tex., for plaintiffs in error.

John B. Wright, U. S. Atty., of Tucson, Ariz.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. Helen Nordelli was convicted on counts 3, 4, and 5 of an information charging her with the possession and sale of intoxicating liquors and the maintenance of a nuisance. Robert Nordelli, her husband, was convicted on an information charging him with a sale of intoxicating liquor. The two cases were consolidated for trial.

The defendants each filed a motion to suppress the evidence obtained in their dwelling house by the prohibition agents Navarre and Cosby, and alleged therein (1) that said agents entered and made their seizures before delivering to the defendants a copy of the search warrant and the affidavits; (2) that the warrant was void for want of a supporting affidavit to show that the dwelling house was being used for the unlawful sale of intoxicating liquor, and for failure to show probable cause for the issuance of the writ, and for failure to show that the property which the warrant directed the officers to seize was in the dwelling house at the time of making the affidavits or at the time of the issuance of the warrant; (3) that the warrant was based solely upon the affidavit of Cosby, and failed to mention the affidavit of Navarre; (4) that the officers' return on the warrant failed to show that a copy of the warrant was left, together with a receipt for the property taken as required by section 12 of title 11, of the Act of June 15, 1917 (18 US CA § 622); (5) that the warrant was not read or exhibited to either of the defendants until after the search and seizure had been made.

[1] The affidavit of Navarre, made on February 21, 1927, for the issuance of the warrant, stated, in substance, that at 9 o'clock p. m., February 20, 1927, he went into the residence of the defendants and purchased from Helen Nordelli a bottle of gin for which he paid $6; that while making said purchase he saw men whose names were unknown to him make like purchases of intoxicating liquor from her, and saw glass containers full of gin; that the liquor which said other men purchased was taken from said containers; and "that said containers and their contents are now on said premises." The affidavit of Cosby, made February 21, 1927, stated that, basing his information on the affidavit of Navarre, the dwelling house of the Nordellis "is being used for the unlawful sale and concealment of intoxicating liquor, and that the said Leonce T. Navarre did on the 20th day of February, 1927, purchase from one Helen Nordelli one bottle of gin, for which he paid the sum of $6." Acting upon these affidavits, the United States commissioner adjudged that probable cause was shown "by said affidavit," and that search warrant issue as prayed for. The warrant directed seizure of all intoxicating liquor, "and any and all apparatus, materials, things, and containers used in the unlawful sale, concealment, or manufacture of intoxicating liquor." The motions to suppress were taken under advisement and were subsequently overruled, to which ruling the defendants noted an exception.

[2, 3] The defendants contend that their verified motions and the uncontradicted affidavits in support thereof import verity, and that the motions should have been sustained. The fact that the agents entered upon the premises and made their seizures before delivering to the defendants a copy of the warrant and the supporting affidavits is not ground for suppressing the evidence. The statute requires that the officer shall give a copy of the warrant and a receipt for the property to the person from whom taken, or in his absence leave it in the place. It does not require that this shall be done before making the seizure. There is no allegation that the statute was not complied with after the seizure was made. Nor do we find that the warrant was void for want of a supporting affidavit alleging that the dwelling house was being used for the sale of intoxicating liquor, or for its failure to show probable cause, or to show that the property which the warrant directed the officers to seize was in the dwelling house at the time of making the affidavits, or at the time of the issuance

of the warrant as requisite to authorize a search in the nighttime. . Fry v. United States (C. C. A.) 9 F.(2d) 36; Walters v. Commonwealth, 199 Ky. 182, 250 S. W. 839. The affidavit of Navarre states explicitly that the liquor which he saw others purchase on the premises the night before the issuance of the warrant was taken from containers and "that said containers and their contents are now on the said premises." The affidavit of Cosby, based upon Navarre's affidavit, states that on February 20, 1927, Navarre purchased a bottle of gin from Helen Nordelli, and that the dwelling house of the defendants was at the time of making the affidavit being used for the unlawful sale of intoxicating liquor. Nor do we find that the warrant was based solely on Cosby's affidavit, or that it was void for failure to mention Navarre's affidavit. Both affidavits were taken before the commissioner at the same time. In Hawker v. Queck (C. C. A.) 1 F.(2d) 77, it was held that an affidavit by a prohibition agent that he had good reason to believe and did believe that on premises designated liquor would be found, and that his information was obtained from affidavits made by named persons, which were before the magistrate and which showed the purchase of whisky, was held sufficient to show the existence of probable cause to legalize a warrant. Certiorari was denied. 266 U. S. 621, 45 S. Ct. 99, 69 L. Ed. 472. From the allegation that the return on the warrant failed to show that a copy of the warrant, together with a receipt for the property taken, was left as required by the statute, it does not follow that the papers were not left with the defendants as required by law. The return on the warrant, sworn to on the day of the seizure, recites that the warrant was served that day, and it specifies the articles that were taken thereunder. A failure to make a complete return is only an irregularity which may be corrected on motion. United States v. Kraus (D. C.) 270 F. 578; Rose v. United States (C. C. A.) 274 F. 245, certiorari denied 257 U. S. 655, 42 S. Ct. 97, 66 L. Ed. 419; Reisgo v. United States (C. C. A.) 285 F. 740; United States v. Kaplan (D. C.) 286 F. 963; United States v. Callahan (D. C.) 17 F.(2d) 937, 942. No ground for suppressing the evidence was presented in the fact that the warrant was not read or exhibited to either of the defendants until after the search and seizure had been made. There is no such requirement in the statute. Barnett v. Commonwealth, 207 Ky. 160, 268 S. W. 1084. We think that the motions to suppress were properly denied.

[4] But even if there had been no search warrant, the liquors would have been admissible in evidence under the facts as the jury must have found them under the instruction of the court. The testimony of the prohibition officials was that, immediately after a sale of intoxicating liquors to them on February 22, 1927, one of them arrested the defendants. The court charged the jury that, if they believed beyond a reasonable doubt that Helen Nordelli had made a sale of intoxicating liquor at the time mentioned in the information, and that Robert Nordelli had assisted in so doing, then the officer was within his rights, and it was his duty to make an arrest of those defendants, and that thereupon the law gave him, as well as the other officers, the right to search the defendants or either of them, and also to search the room in which the arrest was made, and also the rest of the house which was occupied and used by them at the time. The only exception taken to that charge was to the portion thereof by which the jury were told that, as an incident to the arrest, the officers would have the right to search "the room beyond which the arrest was made."

It is contended that the allegation in the information that Helen Nordelli had been "convicted in that court of a violation of title II of the National Prohibition Act, to wit, possession as shown by the records on file in case No. 3012-C" is insufficient to charge a second offense, or to admit proof of a prior conviction of possession of liquor. No assignment of error presents the contention so made. The only objection made in the court below was to the sufficiency of the information to admit proof in its support. No demand was made for a bill of particulars. The court in charging the jury stated:

"It is alleged in the information that the defendant Helen Nordelli, had before the filing of the information in this case, been previously convicted in this court for the unlawful possession of intoxicating liquor in violation of the national prohibition law. * * * It is not only provided that the government shall allege such prior conviction, but also it shall prove the same by competent evidence. The government has sought to do this by introducing the clerk's records, which have been read in evidence, and, if I remember correctly, the defendant herself on direct examination as a witness testified as to such prior conviction. * * * If you find the defendant Helen Nordelli guilty as charged in the information filed herein, and upon which she is now being tried, it will also be necessary that you find

with reference to such prior conviction, and incorporate your finding in that regard in your verdict."

The jury complied with the instruction, and no objection was taken to any portion of the instructions concerning the charge of a prior conviction, and no request was made for instructions upon that branch of the case. No error, therefore, is shown.

It is contended, but no assignment is directed to the question, that it was error to impose sentence upon Helen Nordelli on both the third and fourth counts, for the reason that they embraced but one offense. The third count charged her with the possession of three quarts of tequila, two quarts of gin, and two pints of corn whisky. The fourth count charged her with selling to Navarre one drink and one quart of gin. A conclusive answer to the contention is found in Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505.

The judgments are affirmed.