310

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
EUGENIO RODRÍGUEZ SILVA, Defendant and Appellant.

No. 15270. Argued April 1, 1952.—Decided April 8, 1952.

G. *Jiménez Sicardó* for appellant. *Víctor Gutiérrez Franqui,*
*Attorney General, (Federico Tilén, Acting Attorney General,*
on the brief), and *J. Rivera Barreras, Fiscal of the Supreme*
*Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

A search warrant was issued in order to seize certain
clandestine liquor which was in defendant's possession, and
upon being executed, the police found, not only the liquor
they were after, but also *bolita* material. The defendant
was prosecuted for the latter offense,[1] and during the trial
it came out that the person who executed the warrant de-

---

[1] The record fails to disclose whether Rodríguez Silva was also prose-
cuted for a violation of the Alcoholic Beverages Act (Act No. 6, Third
Spec. Sess. Laws, 1936, p. 44), although it is to be presumed that he was.

livered to the defendant an inventory of the liquor he took, but not of the *bolita* material seized.[2]

Upon being found guilty of a violation of the *Bolita* Act —No. 220 of May 15, 1948 (Sess. Laws, p. 738)—and sentenced to imprisonment in jail for one year, the defendant appealed. He alleges that the lower court erred in admitting "in evidence the lists of numbers and the money seized under the aforesaid circumstances, despite" his objection.

 Section 515 of the Code of Criminal Procedure, as amended by Act No. 10 of March 21, 1942 (Sess. Laws, p. 302), provides that:

"The officer, . . . must forthwith return the search warrant to the justice of the peace, *and deliver to him a written inventory of the property taken, made publicly* or in the presence of the person from whose possession it was taken, and of the applicant for the warrant, if they are present, *verified* by the affidavit of the officer . . . *at the foot of the inventory,* made before the justice of the peace at the time, to the following effect: 'I, . . . . . . . . . (the officer, . . . by whom this warrant was executed,) *do swear that the above inventory contains a true and detailed account of all the property taken by me on the warrant.'*" (Italics ours.)

In discussing the foregoing assignment appellant claims that every court of the United States and this Supreme Court have held that the letter of the statute governing search warrants must be restrictively construed against the People and that likewise, its provisions must be strictly complied with, whereby he deems that if the Section copied above is to be construed thus, the fact that the lower court admitted said evidence constituted a manifest error. We do not agree. Neither the aforesaid Section nor any other regarding the inventory of property seized under a search warrant, provides in any manner whatsoever that the failure of the

---

[2] It appears from the record that a receipt listing the *bolita* material seized was thereafter delivered to the defendant.

officer who executed the warrant to deliver said inventory to the judge who issued the warrant annuls the proceedings and renders the material seized inadmissible in evidence. The defendant has not cited a single case in support of his opinion and every decision we have found on this point—and with which we agree—holds that similar requisites in connection with the making and delivery of an inventory when a search warrant is being executed are merely *ministerial* in no way fatal to the proceedings. *United States* v. *Callahan*, 17 F. 2d 937, 942; *Nordelli* v. *United States*, 24 F. 2d 665, 667; Alexander, The Law of Arrest, Vol. 1, p. 569, § 130. Therefore, the evidence was clearly admissible in evidence. Of course, despite the fact that no inventory of the *bolita* material seized from him was made, if the defendant wished it, he could have easily so obtained on motion. See § 516 of the Code of Criminal Procedure; *People* v. *Bracetty*, 70 P.R.R. 631, 635, and the above-cited authorities.

Our previous conclusions notwithstanding, we must clearly state that we do not sanction this sort of irregularities and that we feel that strict compliance with the provisions of the statute on this subject is to be preferred.

■ On the other hand, the fact that the search warrant was issued in order to seize clandestine liquor in defendant's possession did not preclude the police, upon executing the warrant, from taking any other material in defendant's possession in violation of law. *People* v. *Rodríguez*, 70 P.R.R. 488, 490; *People* v. *Báez*, 70 P.R.R. 578, 581.

Since the only error assigned was not committed, the judgment appealed from will be affirmed.