William L. TURNER, Trustee in Bankruptcy, of Jerry Wayne Hopper, Bankrupt, Plaintiff-Appellant,

v.

CENTRAL NATIONAL BANK OF MATTOON, ILLINOIS, Defendant-Appellee, and Third-Party Plaintiff-Appellant,

v.

Carroll OVERTON et al., Third-Party Defendants-Appellees.

Nos. 71–1383, 71–1384.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1972.

Decided Oct. 25, 1972.

Rehearing Denied Nov. 16, 1972.

Jack E. Horsley, John H. Armstrong, and Richard F. Record, Jr., of Craig & Craig, Mattoon, Ill., for Central Natl. Bank of Mattoon, Ill.

Thomas J. Logue, Glenn & Logue, Mattoon, Ill., for Turner, Trustee.

Harlan Heller and James A. Bennett, of Ryan & Heller, Mattoon, Ill., for Carroll Overton et al.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and CAMPBELL, Senior District Judge.*

PER CURIAM.

William L. Turner, Trustee in Bankruptcy of Jerry Wayne Hopper, commenced this action against the defendant, Central National Bank of Mattoon, to recover $39,000.00 paid by the Overton Grain Company to the bank within four months of the filing of the bankrupt's voluntary petition in bankruptcy. The theory advanced by the Trustee to justify setting aside the transfer is that the payment constituted a preference within the meaning of the Bankruptcy Act. 11 U.S.C. § 96. The defendant bank filed an answer denying liability and also filed a third party action against the co-signators of the notes giving rise to the $39,000.00 payments. After a trial to the court, the district court entered judgment for the defendant bank finding that the trustee had failed to prove that the transfer constituted a preference. The trustee appeals.

The facts show that the bank had loaned $39,000.00 to the Overton Grain Company, a partnership whose partners included the bankrupt and Carroll Overton. The co-signators of the notes included the two partners, their wives and Glen Overton, the father of Carroll Overton and Eileen Hopper, the wife of the bankrupt. At the time of the loan the collective net worth of the partnership and the individual partners, as disclosed by financial statements in the possession of the bank, was approximately $113,000.00. The loan was for partnership purposes and was repaid out of partnership funds. When the $39,000.00 was paid to the bank, the bankrupt was insolvent but the partnership and the other partners collectively were not insolvent. The partnership was dissolved sometime between the time of the final payment to the bank and the filing of the petition in bankruptcy. The record shows that the defendant bank exerted no pressure to collect the loan and that the loans were repaid in the ordinary course of the partnership business.

As best as we can ascertain from the briefs, the theory of the trustee is that because of the dual character of a partnership whereby the creditors of the partnership are also creditors of the individual partners, when an insolvent partner makes a transfer to a creditor of the partnership he is thereby preferring one of his own creditors. The trustee misunderstands the nature of partnership property for bankruptcy purposes. The only interest that the trustee of an individual partner has in partnership property is the right to demand and receive the individual partner's interest, if any, in the partnership assets *after* an accounting and payment of partnership debts out of the property belonging to the partnership. See 11 U.S.C. § 23(i); Redmon v. Witt, 9 F.2d 36 (6th Cir. 1925). The reason for this rule, is, of course, that for bankruptcy purposes partnership property is to be distinguished from property of the individual partners. See Catchings v. Chatham National Bank, 180 F. 103 (2d Cir. 1910). Thus, when partnership property is transferred to satisfy a bona fide obligation of the partnership, no property of the individual bankrupt partner has been transferred within the meaning of the Bankruptcy Act and, therefore, no preference has been created. See 3 Collier on Bankruptcy § 60.10.

For the reason stated, the judgment of the district court is affirmed.

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.