Lowell McNEILL, Trustee in Bankruptcy
of Lawrence Brill Agency,
Bankrupt,

v.

Edward A. SIDEMAN.

No. 69–C–179.

United States District Court,
E. D. Wisconsin.

April 17, 1974.

R. Arthur Ludwig, Milwaukee, Wis., for plaintiff.

William F. Kolbe, Racine, Wis., for defendant.

## OPINION AND ORDER

TEHAN, Senior District Judge.

This case is before the court on defendant's objections to the findings and conclusions of the Special Master determining that the plaintiff trustee of the Lawrence Brill Agency, Bankrupt, on behalf of the bankrupt, is entitled to judgment in the amount of $4,500, with interest and costs.

There is no dispute as to the material facts adduced before the Special Master. On December 31, 1966, some four months before bankruptcy, Lawrence Brill and George Brill, partners in the Lawrence Brill Agency, arranged a transfer of an agency check in the amount of $5,500 to Edward A. Sideman, defendant in this action. The stated purpose of the transfer was to avoid garnishment of the partnership's bank account. At the time of the transfer, the partnership as well as the two individual partners were insolvent. All three filed voluntary bankruptcy petitions on May 3, 1967.

Defendant Sideman, who was an employee of the agency in which he had invested some money and the son-in-law of one of the partners, worked from a desk in the partnership offices. He gave no consideration for the transfer of the partnership check which he deposited in a bank account he maintained under the name of the "Natco Oil Co." The Natco Oil Company had no office of its own at that time. Sideman kept its checkbook in a drawer of his desk at the partnership.

On orders of the partners, Sideman disbursed $1,000 of the $5,500 he deposited in Natco Oil Company checking account, for the benefit of the partnership. The remaining funds he paid to the individual partners, Lawrence Brill and George Brill, in equal checks of $500 and $1,750 each on January 6 and January 23, 1967, respectively.

Although the individual partners testified that they turned this money over to the partnership cashier for deposit from time to time, other testimony showed that they deposited the checks to their personal bank accounts or cashed them and that the partnership did not receive moneys in the amount of $4,500 from the partners in the month of January 1967.

Before the Special Master, defendant contended that under the aggregate concept of partnership, Sideman's release of the funds to the individual partners pursuant to their instructions must be deemed a transfer to and return of the money to the partnership itself.

The Special Master concluded that under the Bankruptcy Act a partnership must be treated as a distinct entity, separate and apart from its members, citing Turner v. Central Nat'l Bank, 468 F.2d 590 (7th Cir. 1972) and Liberty Nat'l Bank v. Bear, 276 U.S. 215, 48 S. Ct. 252, 72 L.Ed. 536 (1928). This conclusion is not challenged now. He further determined that the transaction was governed by § 67(d)(4)(b) of the Act, 11 U.S.C. § 107(d)(4)(b) and accordingly void as a transfer of partnership funds to a person not a partner and without fair consideration to the partnership within one year of the commencement of bankruptcy proceedings and at a time when the partnership was insolvent. In holding Sideman, the initial transferee of the funds not expended for partnership purposes, liable the Special Master noted that Sideman must be deemed to have believed that the reason for the transfer was to avoid garnishment of the partnership bank account; that he was an employee of the partnership and a son-in-law of one of the partners and aware of the financial difficulties; and that he offered no credible evidence to show that the property was restored to its rightful owner, the partnership. Having held the moneys as a trustee for the partnership, Sideman breached his trust by disbursement to the individual partners.

In support of the objections to the Special Master's findings and conclusions it was initially submitted that Sideman was a mere stakeholder or conduit for the channelling of the funds at the direction of the individual partners and thus should not be held liable for restoration for the benefit of creditors. After change of counsel for defendant, it is contended that the determinative issue in the case is whether or not the issuance of a check in the amount of $5,500 to Sideman constituted a transfer at all because the partners retained the same control over the funds when deposited by Sideman in the Natco Oil Company account as when the money was in the partnership's general account. In other words, Sideman is claimed to have acted as a mere custodian of the funds which remained partnership property. It is requested that the case be remanded to the Special Master to consider these additional matters.

■ The facts of record do not support this latest theory of nonliability of defendant. Notwithstanding the fact that the transferred funds remained subject to the orders of the individual partners, the money was deposited in defendant's bank account. As the Special Master noted, had the aim been merely to avoid garnishment, the partners could have taken other steps to insulate these funds. Assuming that the money had remained partnership property on transfer to Sideman and through the early disbursement of $1,000 for partnership purposes, the final transfer by checks to the individual partners renders the transaction void in any event under § 67(d)(4)(a) of the Act.

■■ The liability of the individual partners for restoration of the fraudu-

lently transferred funds is not an issue in the case. Assuming that Sideman acted as an agent for the individual partners and that he, personally, derived no benefit from the transaction may he nevertheless be held liable? The evidence shows that he was the effective instrumentality in the transfer of the partnership funds who knew or should have known of the financial difficulties of that entity and who, as trustee of the funds while they were in his bank account, violated his obligation to the partnership by the fraudulent transfer to the individual partners. Under these circumstances it is concluded that vis a vis the creditors of the bankrupt partnership, Sideman is liable for restoration of the fraudulently transferred money in the amount of $4,500. See Maley v. East Side Bank of Chicago, 234 F.Supp. 395, 398 (N.D.Ill.1964), aff'd 361 F.2d 393 (7th Cir. 1966). There a bank was held liable for the amount of fraudulently transferred funds of a bankrupt corporation, because it was guilty of violations of express bank resolutions in paying proceeds of corporation checks to an officer personally. The case serves as authority that a stakeholder or conduit who derived no personal benefit from the fraudulent transfer may, under proper circumstances, incur liability as against the creditors of the bankrupt under § 67(d) of the Act. See also United Milk Prod. Co. v. Michigan Ave. Nat. Bank of Chicago, 401 F.2d 14 (7th Cir. 1968). The text writers cited by the Special Master also suggest that a transferee of partnership property may act at his peril in a fraudulent transaction. (See 4 Collier on Bankruptcy; 4 Remington on Bankruptcy) The law may be otherwise in case of recovery of a voidable preference under § 60(b) of the Act, § 96(b), Title 11 U.S. C., specifying the persons against whom recovery may be sought. See Brinig v. American Credit Bureau, Inc., 439 F.2d 43 (9th Cir. 1971) and authorities there cited.

Defendant has failed to show any justification for remand of the case to the Special Master, whose conclusions are fully supported by the evidence adduced before him and in accordance with controlling law, and must therefore be approved.

Now, therefore, it is ordered that the Objections to the Findings and Conclusions of the Special Master are overruled. Counsel for plaintiff is hereby directed to prepare an order for judgment in accordance with the Findings and Conclusions of the Special Master, submitting the same to counsel for defendant for approval as to form only.