NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GARRETT R. SOLIVEN, *Appellant.*

No. 1 CA-CR 20-0128
FILED 9-2-2021

Appeal from the Superior Court in Maricopa County
No. CR2015-002917-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Stuart Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1          Garrett Soliven appeals his convictions and sentences for, among other things, molestation of a child, sexual conduct with a minor, sexual abuse, sexual exploitation of a minor, and furnishing obscene or harmful items to a minor. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          Soliven started molesting his stepdaughter when she was eight years old. The abuse continued, and when the victim turned sixteen Soliven began having sexual intercourse with her. A formal investigation began in 2015 after the victim and her biological father reported the abuse to police. During an interview with Detective Hoffman, the victim explained that on prior occasions she and Soliven had exchanged photos of each other's genitals via text message. The victim also relayed that Soliven had recently taken her cell phone away.

¶3          A few days after the interview, police officers obtained a search warrant authorizing "an immediate search be made of [Soliven and his residence]." The warrant also identified fifteen specific items (or groups of items) which police were authorized to search, including Soliven's cell phone, the victim's cell phone, and other electronic devices, as follows:

> 3. Any and all cellular phones, whether operating or not . . . used by [Soliven or the victim] . . . utilizing the number [ending in 5202 and 2266].
>
> . . . .
>
> 5. Any and all Micro-SD cards or similar electronic memory devices capable of being used in a cellular phone[.]
>
> 6. Any and all CD's DVD's jump drives, external hard-drives, Micro-SD cards or other devices used for the storage of electronic media[.]

. . . .

12. Any and all electronic data processing storage devices; computers and computer systems including central processing units; internal and peripheral storage devices such as fixed disks, external hard disks, floppy disk drives and diskettes . . . optical storage devices or other memory storage devices . . . .

¶4            The following day, Soliven was interviewed at the police station. At the same time, other officers searched his home. Soliven was not given a copy of the warrant, although police took it with them to search the home, nor was he told that a search warrant had been issued. Police seized Soliven's cell phone, which he had with him at the police station. Soliven also informed police that the victim's cell phone was in his vehicle at the station. The officers indicated that they needed the cell phone and Soliven, along with the officers, went to the vehicle where Soliven retrieved it. Soliven was not arrested at that time; he left the station following his interview. A search of Soliven's cell phone showed several nude photos of the victim, including photos of Soliven and the victim having sex.

¶5            Soliven moved the trial court to suppress, in part, evidence found on the cell phones, which was denied. A jury convicted Soliven as charged on a mixture of twenty-five felony or misdemeanor counts, and acquitted him on ten counts. Included among Soliven's convictions were the felonies of molestation of a child, sexual conduct with a minor, sexual abuse, sexual exploitation of a minor, furnishing obscene material or harmful items to a minor, and the misdemeanors of indecent exposure, and contributing to delinquency of a minor. Soliven was sentenced to 38.5 years of imprisonment. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1), 13-4031 and 13-4033(A)(1).

**DISCUSSION**

¶6            Soliven challenges the propriety of the officer's not only seizing the cell phones pursuant to the warrant, but searching them thereafter under the authority of the same warrant. He argues that an additional warrant should have been obtained before the officers were legally authorized to search the contents of the phones.

¶7            The Fourth Amendment to the United States Constitution protects a person from "unreasonable searches and seizures," and law enforcement officers are generally required to obtain a search warrant,

supported by probable cause, before conducting a search. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) ("The Fourth Amendment generally requires police to secure a warrant before conducting a search."); *see Frimmel v. Sanders*, 236 Ariz. 232, 239, ¶ 26 (App. 2014) ("The Fourth Amendment . . . requires a search warrant be issued only upon probable cause."); *see also State v. Hoskins*, 199 Ariz. 127, 137-38, ¶ 30 (2000) ("A police officer has probable cause when reasonably trustworthy information and circumstance would lead a person of reasonable caution to believe that a suspect has committed an offense."). A search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." *State v. Ray*, 185 Ariz. 89, 92 (App. 1995) (alteration in original) (quoting U.S. Const. amend. IV). A warrantless search is reasonable only if it falls under an exception to the warrant requirement. *Riley v. California*, 573 U.S. 373, 382 (2014).

¶8            When reviewing the denial of a motion to suppress, we "defer to the trial court's factual findings absent an abuse of discretion," but review de novo the trial court's "ultimate legal determination that the search complied with the dictates of the Fourth Amendment." *State v. Valle*, 196 Ariz. 324, 326, ¶ 6 (App. 2000). We "restrict our review to consideration of the facts the trial court heard at the suppression hearing," *State v. Blackmore*, 186 Ariz. 630, 631 (1996), and will affirm the court's ruling if it was legally correct for any reason, *State v. Huez*, 240 Ariz. 406, 412, ¶ 19 (App. 2016).

¶9            Soliven contends the trial court erred in concluding that the United States Supreme Court in *Riley v. California* did not mandate the requirement of obtaining an additional warrant to *search* the cell phones beyond the warrant to *seize* the cell phones. 573 U.S. 373. As the trial court noted, Soliven's reliance on *Riley* is supported insofar as it "emphasizes the very private nature of [] cell phones" and that "law enforcement needed to obtain a warrant prior to searching the cell phones." Beyond that, *Riley* has little application here. *Riley* addressed two consolidated cases, both of which involved warrantless searches of the defendants' cell phones. *Id.* Here, however, police officers obtained a search warrant for the cell phones before seizing the phones or searching the phones' contents. And while Soliven pontificates that *Riley* was meant to apply to cases beyond the exceptional warrantless search situations, he cites no supporting authority. The trial court correctly distinguished *Riley* from this case.

¶10            Soliven further argues that evidence should have been suppressed because the warrant only directed law enforcement to *seize* the cell phones and memory devices, but not to *search* their contents. To the

contrary, as noted *supra* ¶ *3*, the warrant expressly authorized the immediate search of Soliven and his residence, including Soliven's cell phone, the victim's cell phone, and other electronic devices. No other warrant was required to search the cell phones.

**¶11** Soliven also contends the police officers' failure to provide him with a copy of the warrant resulted in an unlawful seizure. Apart from the knock and announce requirements set out in A.R.S. § 13-3916(B), Arizona law does not require that a defendant be notified of the existence of a search warrant, nor does the law indicate that a warrant must be served directly upon a defendant in order to carry out a search or seizure authorized thereby. A.R.S. §§ 13-3911–3925; *see also Nordelli v. United States*, 24 F.2d 665, 666–67 (9th Cir. 1928) (there was no ground for suppressing evidence when warrant was not read or exhibited to defendant until after search and seizure because there was no such requirement in the statute). Where the warrant expressly authorized the seizure of both cell phones, Soliven's notice of the warrant was not required.

**¶12** Finally, Soliven argues he did not voluntarily retrieve the victim's cell phone from his vehicle. In making this argument, Soliven relies on the fact that he was escorted by two police officers who were both armed. Notably, Soliven was not under arrest, and the trial court found there was insufficient evidence from which it could find "law enforcement overcame [Soliven's] will." Indeed, there is nothing in the record showing the officers threatened, coerced, or prevented Soliven from leaving the station or that they coerced him into retrieving the cell phone from his vehicle. The trial court's factual finding is reasonably supported by the record. *See State v. Estrada*, 209 Ariz. 287, 288, ¶ 2 (App. 2004). Soliven has failed to show where the trial court erred.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm Soliven's convictions.



AMY M. WOOD • Clerk of the Court
FILED:    AA