242 F.2d 429
 UNITED STATES of America, Appellant,
v.
ONE 1955 MERCURY SEDAN, MOTOR NO. 55ME-28101-M, (Allen C.
Montgomery, owner), Appellee.
UNITED STATES of America, Appellant,
v.
ONE 1954 CADILLAC 4-DOOR SEDAN, MOTOR NO. 54-62-14770,
(Roosevelt Lunsford, owner), Appellee.
UNITED STATES of America, Appellant,
v.
ONE 1954 OLDSMOBILE 2-DOOR SEDAN, MOTOR NO. 547W-5256,
(Dorothy V. Hufner and The Bank of Virginia,
claimants), Appellee.
 Nos. 7341-7343.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 17, 1957.
Decided March 11, 1957.
 
 R. R. Ryder, Asst. U.S. Atty., Richmond, Va. (L. S. Parsons, Jr., U.S. Atty., Norfolk, Va., on the brief), for appellant.
 Herndon P. Jeffreys, Jr., Richmond, Va., for appellee in No. 7341.
 Louis Ellenson, Newport News, Va., for appellee in No. 7342.
 J. Tivis Wicker, Richmond, Va., for appellee in No. 7343.
 Before PARKER, Chief Judge SOBELOFF, Circuit Judge, and WILLIAMS, District Judge.
 PARKER, Chief Judge.
 
 
 1
 These are three appeals taken by the United States from judgments refusing to declare a forfeiture of automobiles which the government sought to condemn because they had been used in transportation of property in violation of the Internal Revenue laws, 26 U.S.C. §§ 7301 and 7302. All three cases were tried before the same judge without a jury. He made findings of fact which pointed unmistakably, as did the preponderance of the evidence, to the fact that the cars had been used for the unlawful purposes charged; but notwithstanding the owners of the cars did not take the stand or explain the incriminating circumstances, he denied the forfeitures. This was evidently because he took the erroneous view that some different measure of proof was required in cases involving forfeitures from that required in ordinary civil cases. It is clear, however, that in such cases facts justifying a forfeiture need be established only by a preponderance of the evidence. Lilienthal's Tobacco v. United States, 97 U.S. 237, 266-267, 24 L.Ed. 901; Grain Distillery No. 8 of Eastern Distillery Co. v. United States, 4 Cir., 204 F. 429; Pocahontas Distilling Co. v. United States, 4 Cir., 218 F. 782.
 
 
 2
 The cases are here for review as ordinary civil cases tried by the judge without a jury, where we review the facts as well as the law. It is true that in such case we must accept the findings of the lower court unless clearly erroneous, Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.; but the rule contemplates a real review and not a mere perfunctory approval. Standard Accident Ins. Co. v. Simpson, 4 Cir., 64 F.2d 583, 588; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 927. If upon such a review, we think that the findings of the judge below were clearly erroneous, i.e. that he misapprehended the evidence or went against the clear weight thereof, it is our duty to say so and reverse the decision. Wolf Mineral Process Corp. v. Minerals Separation North American Corp., 4 Cir., 18 F.2d 483, 486; Virginia Shipbuilding Corp. v. United States, 4 Cir., 22 F.2d 38, 51; United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746. We think that this is the course that must be taken in all three of the cases now before us.
 
 
 3
 No. 7341.
 
 
 4
 This case involved a Mercury Sedan owned by one Allen C. Montgomery of King William County, Virginia. Forfeiture was claimed because of the hauling of materials designed for use in the manufacture of intoxicating liquor, particularly 30 pounds of yeast. On July 2, 1955, Montgomery purchased at a grocery store in Richmond this 30 pounds of yeast, forty-five 100-1b. bags of sugar and thirty-four 100-1b. bags of grain. The sugar and grain were loaded in a Ford panel truck belonging to Montgomery and the yeast was carried by him in the Mercury sedan. The judge so found and the finding is supported by the testimony of a witness who saw him carrying the yeast in the direction of the sedan, which he entered and drove away, and not in the direction of the Ford panel truck, which was parked at an entirely different place. A few days later a garage adjoining the home of Montgomery's sister was searched and in it were found a thousand pounds of sugar, water hose, pipe fittings, a boiler smokestack and boards cut to a size to be used in distillery mash boxes. Montgomery admitted the ownership of this property. Between September 10, 1954 and July 2, 1955 he had purchased 39,700 pounds of sugar, 13,600 pounds of grain, 717 cases of half-gallon fruit jars and 190 pounds of yeast in 40 separate transactions. He was convicted of being a party to a conspiracy to engage in illicit distilling in violation of the Internal Revenue laws. He was not shown to be engaged in any legitimate business which would explain his purchase of the sugar, yeast, grain and fruit jars, and he did not take the stand to explain the purchases.
 
 
 5
 The trial judge, while finding that the yeast was transported in the Mercury sedan, denied forfeiture of the sedan on the ground, as stated in his opinion, that it was not shown that the yeast was transported for an unlawful purpose. This was clearly erroneous. The circumstantial evidence in the case admits of no other conclusion than that it was transported for use in the illicit distilling in which Montgomery was engaged. Any other theory as to the transportation of so large a quantity of yeast is purely fanciful, particularly in view of the attendant facts, viz., that it was purchased along with sugar and other materials used in illicit distilling, that Montgomery was not a baker nor engaged in any legitimate business in which yeast would be used, but was engaged in a liquor conspiracy, and that he did not take the stand to claim that he had the yeast for any proper purpose. See Snead v. United States, 4 Cir., 217 F.2d 912, 913-914; Mammoth Oil Company v. United States, 275 U.S. 13, 52, 48 S.Ct. 1, 72 L.Ed. 137.
 
 
 6
 No. 7342.
 
 
 7
 In this case forfeiture was sought of a Cadillac sedan belonging to one Lunsford on the ground that it had been used in the transportation of untaxpaid liquor. That it was so used is, we think, established by circumstantial evidence beyond all reasonable doubt; and, as in case No. 7341, the owner and claimant did not take the stand or attempt otherwise to explain the circumstances. On the night of September 21, 1955, the Sheriff of Surry County, Virginia and three other officers were on the lookout for this car, pursuant to information that they had received. About one-thirty o'clock in the morning the sheriff observed it traveling at a moderate speed along a secondary state highway. The sheriff followed and immediately the car speeded up to eighty-five miles per hour. The sheriff communicated by radio with one of the other officers, who created a road block by stationing a police car with a red blinking light at the intersection of highway No. 250 with the highway on which the car was traveling. The car crashed into the police car although the lights of the latter were on, the red light on top was flashing and the trooper in charge was waiving a flash light. The car continued down the highway and was later found abandoned sixty-five paces down a path which led off from a newly built narrow dirt road. The tracks made by the car showed that it had stopped before reaching the place where it was found abandoned; and within twenty-two feet of the place where it had stopped four five-gallon jugs of moonshine whiskey were found and the weeds were mashed down, as though by persons walking, between the place where it had stopped and where the liquor was found. The jugs had a concave bottom which would cause rings nine inches in diameter when placed on a rubber mat and there were four such rings on the rubber mat found on the rear floor of the abandoned car.
 
 
 8
 There can be no reasonable doubt on this evidence that the four jugs of moonshine whiskey were being transported in the car. The fact that the government did not produce a chemical analysis of the whiskey at the trial is not controlling. If the claimant contended that the tax on the whiskey had been paid and that its transportation was lawful, or that those in the car were fleeing from the police for some valid reason or that they were using his car without his consent, he should have taken the stand or produced testimony to that effect. In the absence of such testimony, the court must give the circumstances in evidence their natural probative value in the light of claimant's failure to explain them. Mammoth Oil Co. v. United States, supra.
 
 
 9
 No. 7343.
 
 
 10
 In this case forfeiture was sought of an Oldsmobile sedan registered in the name of one Dorothy Hufner. Forfeiture was asked because the car had been used in the transportation of two gasoline pumps which were found shortly afterward at an illicit distillery and were being used in its operation. The pumps were purchased by one Arthur E. Williams, who in purchasing them acted under the assumed name of Frank Clay, giving Amelia, Virginia, as his address, and paid for them in currency. Williams was living in a house in Richmond, Virginia, with Dorothy Hufner, the widow of a deceased violator of the liquor laws. Williams, himself, had been twice convicted of such violations. Although the car was registered in the name of Dorothy Hufner, she had no driver's license to operate it and there was no evidence that she was ever seen driving it, whereas Williams was seen driving it twenty or more times in a short period of time when he was being held under observation by officers of the law. Neither Williams nor Dorothy Hufner took the stand or offered evidence to controvert the inferences arising from the facts stated that Williams, if not the owner of the car was using it with the permission of Dorothy Hufner and that he used it for the purpose of transporting the pumps for use at the distillery.
 
 
 11
 The evidence points irresistibly to the conclusion that the car was knowingly used in the transportation of pumps for unlawful use at an illicit distillery and is as much subject to forfeiture as if the article transported had been a still. Cases such as United States v. One Ford Coach, 4 Cir., 184 F.2d 749 and United States v. Lane Motor Company, 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622, have no application. In those cases, the automobiles were used merely for personal transportation. Here there was transportation of machinery to be used in the unlawful business.
 
 
 12
 In the court below, a bank filed a petition under the applicable statute asking protection of a lien on the car; but it has notified the clerk of this court that its debt has been paid and that it has no further interest in the matter. Dorothy Hufner has filed no appropriate pleading asking remission of forfeiture, but has merely filed a motion asking return of the car on the ground that the seizure was improper and that the statute under which the seizure was made was unconstitutional. We entertain no doubt either as to the propriety of the seizure or as to the constitutionality of the statute, and we see nothing in the record which would justify the remission of the forfeiture in her behalf, even if this were asked. See Harman v. United States, 4 Cir., 199 F.2d 34, 36.
 
 
 13
 In all three cases the judgments appealed from will be reversed and the cases will be remanded to the court below with direction to enter judgments of forfeiture.
 
 
 14
 Reversed.