Milton Grady **RAMSEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15094.

United States Court of Appeals
Ninth Circuit.

March 27, 1957.

**296**

and various other little sheds, there were found the component parts of a still, which, however, was not set up or in operation. There were also found some forty gallons of liquid, which was testified at the trial to be distilled spirits. None of the containers had the required stamps.

According to the officers, all of this property was destroyed, except two gallons which they drew off and produced at trial. The testimony for defendant raised a question as to whether these bottles which were brought into the record were the same which were drawn off during the search.

■ Ramsey was indicted in September, 1955. On October 31, 1955, the case was set for trial December 20, 1955. On that date, immediately before the drawing of a jury, Ramsey filed a "Motion to Suppress Evidence and Dismiss case" on the grounds that the officers had discovered property other than the distilled spirits called for in the search warrant. This motion was overruled. The failure to suppress is assigned as error. There are many reasons to sustain the search. The search warrant was valid on its face. It is claimed now that the officers had no right to search anything but the two houses. Search of the curtilage is permitted in case of a lawful arrest. The search warrant was for the "premises." It was therefore broad enough to allow investigation of anything on the lot or parcel of ground where the houses were. In his affidavit, defendant did not claim that he was the owner or in possession of the premises searched. Nor did he claim to be the owner or possessor of the liquor seized.

■ Another complaint is that the officers had no right to destroy the parts of the still and other paraphernalia found, since the search was only for distilled spirits. But contraband property, Harris v. United States, 331 U.S. 145, 154–155, 67 S.Ct. 1098, 91 L.Ed. 1399, can always be destroyed, however found, provided the entry was legal. Of course,

---

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis L. Abbot, and Joseph F. Bender, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

An indictment was filed in the District Court for the Southern District of California, charging defendant Ramsey with possession of a still in Count One, with carrying on the business of a distiller without giving bond in Count Two, with engaging in the business of a distiller without giving notice in Count Three, with carrying on the business of a rectifier while failing to pay the special tax in Count Four, with possession of distilled spirits without the stamp denoting tax payment thereon in Count Five, and with having removed and concealed distilled spirits in Count Six.

A search warrant had been issued for the premises located at 1011 and 1011½ West 223rd Street in Torrance, California. The search warrant was directed against tax unpaid distilled spirits. Nothing was found in either of the two houses. The officers continued in a shed and garage. Another shed some distance from the houses was locked, and defendant on order unlocked it. In this

the entry here was under a lawful warrant. The motion was properly denied.

■ Defendant was convicted by the jury on Counts Two, Three, Four and Five. Count One was dismissed because the still was not assembled. The jury properly acquitted on Count Six, since there was no evidence of removal of the distilled spirits by defendant. Defendant made motions for acquittal.

■ There were photographs and other evidence that the still had been operated and that all parts were present for operation. Also, there was evidence that the ingredients for distilling and rectifying spirits were on the premises, including yeast, oak chips, 550 pounds of sugar, purifiers, rectifiers and other articles. Defendant apparently contends that such evidence should not have been permitted to go to the jury. The arguments have been disposed of in connection with the search warrant. This evidence was properly admitted on each of the counts upon which defendant was convicted.

■ It was proper for the jury to find defendant guilty, on Counts Two, Three and Four, of carrying on the business of distiller and rectifier without having taken the steps required by law. Ramsey now contends that he was not proven to have carried on the "business" because there was no proof he made sales of liquor. However, some of the officers testified that Ramsey admitted making sales of distilled spirits. Defendant also requested an instruction that defined "business" as "merchandise transactions," "a commercial or industrial establishment or enterprise," which the court denied. But "business," as used in the statute, is a word of common usage which needed no formal definition to the jurors. The evidence clearly proved defendant was in the occupation or business of distilling whiskey and rectifying the spirits so manufactured. His employment in such an endeavor was sufficient, and the jury were correct in

so finding. He argues that this liquor might have been made for his own consumption, but he presented no evidence on this feature, which he must have done before the jury were required to have passed upon that aspect. Scher v. U. S., 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151.

■ Defendant argues that he did not unlawfully possess tax unpaid distilled spirits. This is a question of fact. It was true, he was not holding these spirits in his hand, but he had a key to the lock on the shed which contained distilled spirits. These were shown to be in his conscious dominion, which proves possession. There was evidence that there were no stamps on the containers in which these spirits were found.

■ It is then contended there was a fatal variance between Count Five of the indictment, which alleged Ramsey was in unlawful possession of forty gallons of tax unpaid distilled spirits, and the proof. This is apparently because only two gallons were produced in court. But production in court is not necessary to proof of possession of such a quantity. Here there was proof of possession of at least forty gallons.

There was a mix-up among the officers as to the sample gallon jugs. At least two sets seem to have been prepared. One set was destroyed by a brother-in-law of defendant. But the jury had before it proof of taking, custody and production of two gallon jugs of the distilled spirits found on the premises. The court instructed the jury, at the request of defendant, that they must acquit defendant if they had any doubt these exhibits came from the premises of defendant.

■ These statutes are constitutional and have been so considered for many years. These will not be held invalid on the mere assertion of appellant without any argument or reason.

Affirmed.