**Milton Grady RAMSEY, Claimant of One 1955 Ford Sedan, Motor No. U5RW-123141, its tools and appurtenances, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16046.**

United States Court of Appeals
Ninth Circuit.

Feb. 9, 1959.

App.D.C. 390, 222 F.2d 556; Contee v. United States, 94 U.S.App.D.C. 297, 215

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Burton C. Jacobson, Richard A. Levine, Asst.

F.2d 324, 326-327; Cannon v. United States, 5 Cir., 158 F.2d 952, 954.

**806**

U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

A libel was filed in the district court alleging the seizure of claimant's 1955 Ford automobile, from Grady Ramsey, because said automobile had been used unlawfully in violation of 26 U.S.C. § 5008(b) (1):

"That said automobile had been used to transport, possess, buy, sell and transfer certain distilled spirits, the immediate containers of which did not have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidence of payment of internal revenue taxes imposed on such spirits."

The libel further alleged that for this reason the automobile in question was subject to seizure and forfeiture under the provisions of 26 U.S.C. § 7302 (Int. Rev.Code of 1954). There were two other counts not at issue here.

Trial was had in December 1957, after which the court entered Findings of Fact and Conclusions of Law and awarded a judgment of forfeiture in favor of the government. The trial court has jurisdiction of the action by virtue of 28 U.S.C. § 1355; and this Court has jurisdiction on appeal, timely notice having been filed. 28 U.S.C. § 1291.

Appellant specifies two grounds for his appeal: (1) that the evidence was insufficient to support the findings and judgment and that they are contrary to the law and evidence; and (2) that the court below erred in overruling the objections to the introduction of evidence on the grounds that the car was seized illegally in violation of the fourth amendment of the federal constitution.

Appellant was and is the registered owner of the libelled automobile. He was tried and convicted and sentenced for illegal possession of untaxed liquor and his conviction was affirmed by this Court.

Ramsey v. United States, 9 Cir., 1957, 245 F.2d 295. In the course of that opinion, we said "the jury properly acquitted on Count Six, since there was no evidence of removal of the distilled spirits by defendant." 245 F.2d at page 297. The automobile in question was seized at the same time that federal agents discovered, with the aid of a search warrant, the claimant's still and untaxed spirits which resulted in his arrest and conviction.

At the time of trial the only evidence offered for the government was the record of the claimant's conviction, which consisted of the indictment, the verdict, and the judgment on the verdict; and the deposition of the claimant, taken by agreement with his counsel, in which he denies that the 1955 Ford Sedan libelled here was ever used to transport the untaxed distilled spirits. In the course of his deposition, appellant admitted that he had made many gallons of distilled spirits and that he had not paid any taxes or obtained any of the necessary stamps at the time of the seizure of the Ford automobile in question.

When the deposition was admitted into evidence the trial court asked that the specifically pertinent portions of it be pointed out to him by both sides, and in response to this the claimant's attorney read the portions where the claimant emphatically denied several times that he had ever used the automobile in question to transport the untaxed distilled spirits, and he further denied that the car was stored with or at any place where the untaxed liquor was stored.

Furthermore, claimant's wife testified that, to her knowledge, the car in question was never used to transport, secrete or store the untaxed liquor. She also testified that she and her husband used his mother's car most of the time, and that the Ford which was quite new was left in the garage most of the time. It appears from appellant's brief that the mother's car was also seized and forfeited.

On the basis of this evidence the trial court found that the 1955 Ford Sedan

"had been used to transport, possess, buy, sell and transfer certain distilled spirits * * * in violation of Title 26, U.S.C. Sec. 5008(b) (1)." The court also found that some forty gallons of untaxed spirits were found on the same premises in which the aforesaid vehicle was located; that Ramsey owned and had operated a still on the premises to make some eighty gallons of distilled spirits; and that the court "did not believe the testimony of Milton Grady Ramsey which was introduced into evidence through the deposition of Milton Grady Ramsey * * *." The court accordingly entered judgment ordering forfeiture of the vehicle.

It is unnecessary to reach appellant's second point of alleged error.

We recently held in a similar case that the burden on the government in a forfeiture case is simply to prove the material allegations of the libel by a preponderance of the evidence. There are cases upholding or ordering forfeiture on mere circumstantial evidence, but it is clear that the circumstantial evidence must be rather substantial. D'Agostino v. United States, 9 Cir., 1958, 261 F.2d 154.

The government relies here very heavily on United States v. One 1955 Mercury Sedan, 4 Cir., 1957, 242 F.2d 429, 431, cited in the D'Agostino case, supra, as showing that a forfeiture will be ordered on circumstantial evidence. However, that case is distinguishable from the facts at hand. The appellate court in reviewing that case pointed out that the trial judge had specifically found that the car in question was used to transport thirty pounds of yeast from the store where it was purchased, but that the trial judge had concluded that it was not shown the yeast was transported for an unlawful purpose. The court then stated:

"This was clearly erroneous. The circumstantial evidence in the case admits of no other conclusion than that it was transported for use in the illicit distilling in which Mont-

gomery was engaged. Any other theory as to the transportation of so large a quantity of yeast is purely fanciful, particularly in view of the attendant facts, viz., that it was purchased along with sugar and other materials used in illicit distilling, that Montgomery was not a baker nor engaged in any legitimate business in which yeast would be used, but was engaged in a liquor conspiracy, and that he did not take the stand to claim that he had the yeast for any proper purpose."

United States v. One 1955 Mercury Sedan, supra, at page 431. We contrast that situation with the facts in the instant case, and it becomes apparent that the two are not comparable.

█ The trial judge felt the reasons and story presented by the claimant in his deposition were not convincing, especially in light of the fact that he was an interested witness. It is true, as we have said innumerable times, that the trier of fact is not required to accept the uncontradicted testimony of a witness, particularly where he is an interested party. Joseph v. Donover Co., 9 Cir., 261 F.2d 812; Wong Gong Fay v. Brownell, 9 Cir., 1956, 238 F.2d 1; Mitsugi Nishikawa v. Dulles, 9 Cir., 1956, 235 F.2d 135, 140; N. L. R. B. v. Howell Chevrolet Co., 9 Cir., 1953, 204 F.2d 79, 86. However, a corollary of this rule is that uncontradicted testimony cannot arbitrarily be rejected. Yip Mie Jork v. Dulles, 9 Cir., 1956, 237 F.2d 383, 385.

On the facts presented by this case, the trial court could properly have refused to believe the claimant's testimony in his deposition. But even if the court did this, there remains the wife's testimony that the car was not used to further her husband's illegal distilling activities. The difficulty with allowing this judgment of forfeiture to stand is that this is not a case where there was uncontradicted testimony on the one side, and *other* substantial evidence from which it could be inferred that the car was used unlawfully, on the other. Aside from

the two witnesses (claimant by his deposition, and his wife in person) the sole remaining evidence in the case is the fact of appellant's conviction of possession of untaxed distilled spirits. We do not think it can fairly be held that because appellant was convicted of this offense, and that his automobile was on the premises at the time the untaxed spirits were found, that this alone justifies a finding that the car in fact had been used or was intended to be used for the unlawful purpose of furthering his illegal activities. The testimony was that there were two cars on the premises at the time of the search by the federal agents, both of which were being used at various times by the claimant and his wife. It is quite possible that only one of them was used in conjunction with claimant's unlawful activities. Absent some substantial circumstantial evidence linking the car in question with Ramsey's illegal activities, we must hold that the judgment is not supported by the evidence. This is not a question of the weight of the evidence, but a situation where there is no evidence contradicting the wife.

There was no sufficient evidence, circumstantial or otherwise, to warrant a finding that this car was used in the unlawful activities of the appellant. To justify a forfeiture of a libelled automobile on pure circumstantial evidence, as here, there must be a factual situation such as that in United States v. One 1955 Mercury Sedan, supra, where no other reasonable inference could be drawn from the evidence. We hold that the naked fact of conviction of a violation of the internal revenue laws, coupled with the fact that the libelled car was one of two found on the premises where the violation occurred, and that it belonged to the person convicted, is not enough to justify a forfeiture either standing alone, or where there is some evidence the automobile was not illegally used.

The judgment of forfeiture, ordered below, is reversed.