## UNITED STATES v. LAGOW.

District Court, S. D. New York.

July 11, 1946.

Herbert Zelanko, of New York City, for the motion.

John F. X. McGohey, U. S. Atty., and Silvio J. Mollo, Asst. U. S. Atty., both of New York City, opposed.

HOLTZOFF, Associate Justice (sitting by designation).

In this case we have a motion to suppress evidence and for the return of properties seized as evidence, on the ground that the search and seizure by which they were obtained are illegal. The motion involves three items. The first is business records of the Maple Motor Corporation; the second is an automobile; and the third is cash approximating $2,113. The second item, namely, the automobile, has been abandoned, because admittedly the automobile has not been seized and is not in the possession of any Government officers but is in the possession of one, Beecher, who was the purchaser of the automobile from Maple Motor Corporation.

■ Turning now to the first item, i. e., business records of Maple Motor Corporation, the motion to suppress the evidence is made by Victor Lagow and Maple Motor Corporation. Victor Lagow is the sole stockholder as well as the president and a director of Maple Motor Corporation. Nevertheless, the Court cannot ignore the existence of the corporate entity. There are occasions when the courts will pierce the veil of a corporate entity, but that is done not for the benefit of the person who organizes the corporation but for the purpose of protecting the rights of third persons, and then only in exceptional instances. It is well settled that only the person who is the owner of the property seized or whose constitutional rights have been otherwise invaded by a violation of the Fourth Amendment, has any standing to make a motion to suppress evidence. Consequently the motion to suppress the business records of Maple Motor Corpora-

tion as evidence is denied so far as Victor Lagow is concerned.

■ An entirely different situation is, however, presented as concerns the Maple Motor Corporation. The records belong to the corporation. They were not seized at the time that Lagow was arrested on the 18th of April. On the next day Donlin, a clerk of the Maple Motor Corporation, who had been arrested with Lagow, accompanied by an agent of the Office of Price Administration, went to the premises of the Maple Motor Corporation and turned over to the agent certain records of the company, which were later used by the United States Attorney in questioning Donlin.

It seems to me that the Weeks (Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann. Cas. 1915C, 1177) and the Gouled (Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647) cases in the Supreme Court of the United States make this search and seizure illegal insofar as Maple Motor Corporation is concerned. The Weeks case holds that while a search and seizure may be made of the premises where an arrest is made, contemporaneously and incidentally with an arrest, it is illegal for officers to return at a subsequent time to the premises where the arrest took place and make a search and seizure. The Gouled case holds that this prohibition may not be avoided by sending someone to the premises and having the person so sent procure records or property from the premises and then turn them over to the Government authorities.

The mere fact that Donlin went to the premises of the Maple Motor Corporation voluntarily and that he voluntarily selected the particular records that would have been useful to the agent of the Office of Price Administration and permitted the agent to remove those records, is immaterial. One person, even acting voluntarily, does not have any right to go to the home or place of business of another person and turn over that other person's records to law enforcement officers for use in prosecuting that other person.

I, therefore, will grant the motion of the Maple Motor Corporation for the re-

turn of the records, but I want to emphasize again that since I am not suppressing their use as evidence against Lagow they will be available and may be subpoenaed for use against Lagow.

The third item consists of $2,113 in cash. This money was found on the person of the defendant Lagow at the time of his arrest. It is well settled that at the time of and incidental to an arrest the person of the prisoner may be searched and any articles which constitute the means by which the crime was committed, the fruits of the crime or evidence of the crime, may be seized. The Government contends that the money so seized is evidence of the violation with which Lagow is charged, namely, the sale of an automobile at a price above the price ceiling fixed by the Office of Price Administration.

The Government's theory is, and it is substantiated by prima facie evidence at least, that this amount of money was turned over to Lagow in marked bills approximately 15 minutes or so prior to Lagow's arrest. Lagow then disappeared and the Government urges the inference that during the intervening time he exchanged the marked money for other currency of the same amount, because the currency found on him did not consist of the original marked bills.

If the Government's theory is correct, surely the money found on Lagow is admissible in evidence and has a corroborative value. Evidence to be admissible does not have to be conclusive. All that is necessary is that it have a reasonable tendency to support the ultimate fact. The circumstance that this amount of money was found on the defendant's person within 15 minutes or so after the transaction involving the sale of the automobile, would clearly be admissible as having some tendency to show the ultimate fact of the sale.

In view of the consideration that this money has evidentiary value, and, moreover, if the Government's theory is correct, it constitutes the fruits of the offense with which the defendant is charged, the Court will deny the motion as to the third item, namely, the currency which was found on Lagow's person.

Before concluding the Court wishes to state that it considered the recent decision of the Supreme Court in the case of Davis v. United States, 66 S.Ct. 1256, involving a search and seizure conducted by agents of the Office of Price Administration. In that case the seizure. there under consideration was upheld, but the Court feels that the principle of that case does not support the seizure of the records in this case insofar as the Maple Motor Corporation is concerned.

To summarize the disposition that the Court will make of this motion, it will deny the motion as to the second item, namely, the automobile. That item is withdrawn. It will deny the motion as to the business records of the Maple Motor Corporation as concerns Victor Lagow, but it will grant the motion as concerns Maple Motor Corporation. The Court will deny the motion as concerns the currency found on Lagow's person.