## UNITED STATES v. SMITH.
### Criminal No. 77757.

District Court of the United States for the
District of Columbia.

Nov. 27, 1946.

Curtis P. Mitchell, of Washington, D. C.,
for defendant, for the motion.

George Morris Fay, U. S. Atty., and
Edward Molenof, Asst. U. S. Atty., both
of Washington, D. C., opposed.

HOLTZOFF, Justice.

This is a motion to suppress evidence
obtained by a search and seizure alleged
to have been unlawful. The evidence con-
sists of stolen linens belonging to the Pull-
man Company.

It appears that a police officer saw the
defendant, the moving party on this mo-
tion, standing on a street corner known
to be a place where criminals of certain
types congregate. The officer recognized
the defendant as a man whom he had pre-
viously arrested on a criminal charge. He
saw money passed between the defendant
and two other unknown persons. There
was a suitcase lying on the sidewalk at
the defendant's feet.

As the officer's suspicions were aroused
by these circumstances, he approached the
defendant and asked him to whom the suit-
case belonged. He was informed that it
was the property of the defendant's sister.
In reply to the officer's further inquiry, the
defendant stated he did not know the con-
tents of the suitcase and, apparently, of-
fered no explanation as to what he was
doing with it at that particular time and
place. The suitcase was unlocked. The
officer opened it without permission and
saw a quantity of linen with the Pullman
Company mark. The officer knew that the
defendant worked at the railroad yards at
Union Station. The officer then seized
the property; which quite apparently had
been stolen, and took the defendant into
custody. The defendant was subsequently
indicted on a charge of theft from a rail-
road car of the Pullman Company. He
now moves to suppress the evidence, claim-
ing that the search and seizure were ille-
gal.

The Fourth Amendment prohibits
only unreasonable searches and seizures.
The question is, therefore, whether this
search and seizure was unreasonable. The
history of the Fourth Amendment and of
this branch of the law generally shows that
the particular abuse and the specific evil to
which the Fourth Amendment was very

largely directed consisted of exploratory domiciliary searches which had been conducted by the British and Colonial Governments prior to the Revolution.[1] Searches of this type were very oppressive. The purpose of the framers of the Amendment was to eliminate tyranny of this kind. It is readily realized, however, that all searches should not be banned and consequently the Fourth Amendment was directed only at those that were unreasonable.

 It has been well established that a search pursuant to a search warrant is legal. A search incidental to a lawful arrest is also reasonable.[2] These two categories, however, do not exhaust all possible types of reasonable searches. They merely represent two of the commonest classes of lawful seizures. Traditionally at common law a search for stolen goods was permissible.[3]

 In this case we have nothing that savors of oppression. There is no invasion of any premises, or any interference with the person.[4] The police officer merely opened a suitcase lying on the sidewalk, because he was suspicious of the defendant's activities and knew that the defendant was far away from his place of employment as well as a considerable distance away from his residence. The defendant disclaimed ownership of the suitcase. It would seem absurd under the circumstances of this case to suppress this evidence and to direct that the stolen property be returned to the defendant.

 I do not believe that the Fourth Amendment was intended to ban a search and seizure of this type, because I consider this search and seizure reasonable. Modern urban life presents problems different from those confronting the Founding Fathers in 1789. As the Constitution is a permanent and enduring document, it must be broadly construed in order to be adjustable to changing conditions.

I shall deny the motion to suppress the evidence.

---

1 Boyd v. United States, 116 U.S. 616, 625, 6 S.Ct. 524, 29 L.Ed. 746; Nueslein v. District of Columbia, 73 App.D.C. 85, 87, 115 F.2d 690; Entick v. Carrington, 19 Howell's St.Trials 1029.

2 Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409.

3 Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Boyd v. United States, 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746.

4 Cf. In United States v. Derman, D.C., 66 F.Supp. 511, there was an invasion of the defendant's home, while in United States v. Lagow, D.C., 66 F.Supp. 738, there was an invasion of the defendant's place of business.