**UNITED STATES of America**
**v.**
**Joseph FRANK.**
**Cr. A. No. 14538.**

United States District Court
W. D. Pennsylvania.
Jan. 4, 1956.

See, also, 151 F.Supp. 866.

In proceeding on motion to suppress evidence and for return of property to defendant charged with attempted income tax evasion, evidence failed to disclose that internal revenue agent investigating defendant had by statements or actions lulled defendant into a false sense of security so as to obtain his books and records in violation of his constitutional rights.  U.S.C.A.Const. Amends. 4, 5;  Fed.Rules Crim.Proc. rule 41(e), 18 U.S.C.A.

———◆———

D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert M. Taylor, Philadelphia, Pa., Alexander Cooper, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is a motion and petition to suppress evidence and for the return of property under Fed.R.Crim.P. 41(e), 18 U.S.C.A. in a criminal action for attempted income tax evasion.  Defendant contends that the evidence in question relating to his income tax liability was obtained in violation of the fourth and fifth amendments to the federal constitution.  A hearing upon the factual questions thus raised was held November 18, 1955, at which time the court heard the testimony of defendant, the Internal Revenue agents who investigated defendant's

case, and defendant's tax accountant from whom the revenue agents obtained much of the evidence in question.

■ Defendant contends that he was deceived by the Internal Revenue agents into turning over and allowing his employees and accountants to turn over his books and records to government agents, and that he was also deceived into allowing himself to be interrogated by them. It need not be doubted that defendant's motion should be granted if defendant's records were obtained through fraud and deceit. Cf. Smith v. United States, 1954, 348 U.S. 147, 150–151, 75 S.Ct. 194, 99 L.Ed. 192; Gouled v. United States, 1921, 255 U.S. 298, 305–306, 41 S.Ct. 261, 65 L.Ed. 647. The evidence, however, fails to sustain defendant's contention that fraud and deceit were practiced by the government agents. No false statements or other representations were made to defendant, his employees, or his accountants, to the effect that only civil liability was contemplated or that the government agents did not suspect or have reason to suspect that there would be grounds for a criminal action against him. Therefore, the court does not pass upon the question whether such representations would constitute fraud or deceit so as to sustain defendant's motion.

■ Robert Cornell, the Internal Revenue agent who first approached defendant with respect to his tax liability, was at that time a member of the "racket squad" of the Internal Revenue Service. From that fact and from other evidence adduced, it may be inferred that the government agents involved suspected from the beginning that defendant had been engaged in illegal activities possibly resulting in illegal income which had not been reported. Therefore, defendant contends that, in seeking to obtain his records and statements, the agents at the outset should have advised him of his constitutional rights and the possibilities of criminal action, which they admittedly did not do until a substantial amount of the evidence in question had been obtained. Of course, defendant's

real grievance does not lie in the failure to give such legal advice, and there is no basis for an assertion that defendant and his accountant were deceived as to points of constitutional or statutory law. The gist of defendant's contentions lies in the fact that the revenue agents did not put defendant on his guard by announcing their suspicions at the outset, before they obtained any concrete evidence to substantiate them. In the opinion of the court, such an announcement, far from being required by the constitution, would be alien to American concepts of justice and the presumption of innocence. The fourth and fifth amendments were designed to protect us from governmental oppression; they were not designed to afford to persons suspected of crime every possible opportunity to avoid detection.

■ The only representation made to defendant which could conceivably have misled him was the statement of the agent Cornell that the investigation was "routine". It is not material to determine whether defendant reasonably seized upon the word "routine" to infer that a possible criminal liability was not contemplated by Cornell. Whether the agent used the word "routine" merely to indicate to defendant that he contemplated using ordinary procedures in investigating his tax liability, or whether he hoped by a casual attitude to lull defendant into a false sense of security, the court is of the opinion that his statements and actions were insufficient to support a finding that the evidence in question was obtained in violation of defendant's constitutional rights. See Scanlon v. United States, 1 Cir., 1955, 223 F.2d 382, 384–385, 392; Turner v. United States, 4 Cir., 222 F.2d 926, certiorari denied 1955, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742; Vloutis v. United States, 5 Cir., 1955, 219 F.2d 782, 787–788; United States v. Burdick, 3 Cir., 1954, 214 F.2d 768, 773–774, remanded 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710, affirmed 3 Cir., 1955, 221 F.2d 932; Chieftain Pontiac Corp. v. Julian, 1 Cir., 1954, 209 F.2d 657, 659–660; Montgomery v. United States, 5 Cir.,

1953, 203 F.2d 887, 892–893; but see United States v. Lipshitz, D.C.E.D.N.Y. 1955, 132 F.Supp. 519.

For the foregoing reasons defendant's motion has been denied, without prejudice, however, to his right to object to the admission of the evidence in question at the trial of the action.

An appropriate order has been entered.