**UNITED STATES of America**

v.

Frank ROMANO, John Ottiano, Edward Romano, Antonio Vellucci, Samuel I. Cohen, Three John Does, Israel Yarchin, the Griswold Corporation of Jewett City, Connecticut.

Cr. No. 10284.

United States District Court
D. Connecticut.

March 9, 1962.

Robert C. Zampano, U. S. Atty., New Haven, Conn., for plaintiff.

John L. Calvocoressi, Pelgrift, Dodd & Stoughton, Hartford, Conn., for defendants, Samuel I. Cohen and Griswold Corp. of Jewett City, Connecticut.

Jerome E. Caplan, Rogin, Nassau, Caplan & Lassman, Hartford, Conn., for defendant, Israel Yarchin.

CLARIE, District Judge.

Defendants, Yarchin, Cohen and The Griswold Corporation, were indicted on counts two (2) and three (3) of a three count indictment. The first count, not applicable to them, charges Frank Romano and three alleged associates with violation of § 5601(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Counts two (2) and three (3) charge these defendants with violation of § 5601(a) (8) of the Internal Revenue Code, 26 U.S.C.A., and § 371 of the Criminal Code, 18 U.S. C.A., respectively; the former relates to the production of illegally distilled spirits and the latter to the conspiracy to produce the same.

Yarchin, Cohen and The Griswold Corporation, in support of their motion to dismiss the indictment, cite several grounds: (1) that the government has destroyed a substantial amount of evidence that would be beneficial to their respective defenses; (2) that the government procured certain information and evidence by trespass and illegal search and seizure. To support this assertion, the defendants claim that: a preliminary entry of October 10, 1960 upon the Aspinook Mill premises, made without a warrant, constituted a trespass; the subsequent warrant, procured for the entry of October 13, 1960 was thus founded upon illegally obtained information, and was improperly issued. Thus, any evidence seized from their alleged co-conspirators and/or any evidence, tangible or intangible, procured on the Aspinook Mill premises by search and seizure on October 10, 1960 without a warrant, and on October 13, 1960 with a warrant, is a nullity and cannot be used in a criminal prosecution against them; (3) that the said warrant was illegally executed.

The movants, Yarchin, Cohen and The Griswold Corporation, were granted a full hearing on their motion, at which time they examined several government witnesses. The evidence disclosed that a very substantial still apparatus, comprised of huge vats and a vast amount of accessory equipment, was seized by virtue of the execution of a search warrant. In fact, several truckloads of seized property were ultimately removed from the premises to a government warehouse. Among the many items at the time of seizure were included 407 empty 60-lb. (12–5 lb.) Domino sugar bags and 41 full 60-lb. (12–5 lb.) bags of Domino sugar.

It was revealed that all the full bags of sugar were available and intact; however, only 205 scalpings from the original 407 empty sugar bags were available for inspection; the remainder had been destroyed. These so-called scalpings were cut-out sections upon which the government claimed was inscribed all the printed matter appearing on the bags. The defendants claim: that they alone, for the purpose of preparing a proper defense, can properly evaluate the evidential significance of the articles destroyed; that the unilateral action of the government in destroying any of the evidence was prejudicial, hence the indictment should be dismissed. Yarchin, in that he is charged with supplying raw materials,

more particularly sugar, for use in the distilling operation, claims special prejudice by the destruction of the empty sugar bags.

Considering first the destruction of the still and appurtenances, the destruction of such items is authorized by 26 U.S. C.A. § 5609, which provides:

"In the case of seizure elsewhere than on premises qualified under this chapter of any unregistered still, distilling or fermenting equipment or apparatus, or distilling or fermenting material, for any offense involving forfeiture of the same, where it shall be impracticable to remove the same to a place of safe storage from the place where seized, the seizing officer is authorized to destroy the same. * * * Any destruction under this subsection shall be in the presence of at least one credible witness. The seizing officer shall make such report of said seizure and destruction and take such samples as the Secretary or his delegate may require." See, Ramsey v. United States, 245 F.2d 295, 297 (9 Cir. 1957).

The magnitude of this distilling operation made it impracticable to remove the plant intact. It is the government's claim that all essential elements of the plant are in their original form and are available for inspection by the defendants; further, that photographs and movies were made prior to dismantling and that such are also available to the defendants. The court finds that the dismantling of the still and appurtenant apparatus was, in this case, an act consistent with the authority of the aforesaid statute, and that the defendants have not been prejudiced thereby.

The defendants claim that the failure of the government to produce, intact for defendants' inspection, all of the 407 empty sugar bags, is prejudicial. No evidence was offered to indicate that the 205 remaining bag scalpings are lacking in any essential which has any material bearing on the defendants' cases; nor was there any evidence to justify the claim that any dismantling or destruction of items of tangible property seized had any relationship to the defendants' preparation of their defense. In the absence of such showing, the motions to dismiss are denied as to all of said defendants.

Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., defendants, Yarchin, Cohen, and The Griswold Corporation, moved to suppress the use of certain evidence. The basic grounds claimed are: (1) the search warrant by which the evidence was obtained was secured by the use of illegally acquired information; and (2) the search warrant was illegally executed.

The evidence disclosed that investigators of the Alcoholic Tax Unit of the United States Bureau of Internal Revenue received information from the Connecticut State Police that an illicit still was being operated on premises known as the Aspinook Mill in Jewett City, Connecticut. The State Police had received their information from an undisclosed "reliable source".

On the evening of October 10, 1960, in the course of investigating this complaint, two federal agents and a state policeman went to the site of the mill. This mill, a former textile plant, located on a 42-acre tract, is comprised of multiple buildings covering virtually the entire site area. The overall premises were enclosed on three sides by a wire fence; the remaining side fronted on the Quinebaug River. The gates at the several entrances to the premises were usually open during the day but normally locked during the evening hours; the evidence did not establish whether or not on October 10, 1960, all the gates were closed or locked.

The officers entered the enclosure through an opening in the fence; it required no force or moving of any part of the enclosure. After crossing a portion of open land adjacent to certain mill buildings, they entered a vacant structure, designated as building No. 10 on Exhibit A, known as the "old print building". The door to this building was closed but unlocked. The officers walked

through this empty building to an open courtyard. The latter area can best be described as an alleyway or an open space between the "print building" and building No. 9a, otherwise described as the "white building". It was in the latter structure that the still was ultimately found. Upon entering this courtyard, a strong odor of fermenting mash was detected emanating from the "white building". The officers immediately left the premises via the route they had entered.

The following day, October 11, 1960, the federal officers obtained a Commissioner's warrant for search and seizure of the suspect premises, signed by a judge of this court. One of the facts recited in the affidavit to establish probable cause was that the officers had detected the unmistakable odor of fermenting mash emanating from the "white building".

On October 13, 1960 the warrant was executed; a search was made of the "white building" and an illegal still was found. Prior to the time of the search, the building was padlocked. The watchman for the owner-defendant, The Griswold Corporation, claimed that he did not have a key to the building; that it had been leased out prior to that date, and that he did not know of the contents of the building. The contents included a still, appurtenant apparatus, and material inventory ordinarily used in the distilling of alcoholic spirits. It is the presentation of these items in evidence which the movants now wish to suppress.

It is their claim that the police officers' entrance inside the fenced area and subsequent entrance into building No. 10, as they were proceeding to the courtyard area, constituted a trespass against the corporate owner-defendant, The Griswold Corporation; that said defendant was an alleged conspirator with the other defendants under count three (3) of the indictment and that they therefore have standing to claim prejudice by this original entrance of October 10, 1960 without a warrant, which unlawful entrance constituted an unreasonable search and seizure. Further, any information obtained by that entry was illegally obtained; its subsequent use in the procurement of the search warrant rendered such warrant invalid; thus the evidence obtained by this search warrant on October 13, 1960 should be suppressed.

■ The government contends that Yarchin and Cohen lack standing to make this motion, since they are not persons aggrieved by an unlawful search and seizure.

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1959).

Ordinarily to establish "standing" it is required that the movant claimed to have owned or possessed the seized property, or to have had a substantial possessory interest in the premises searched or to have been legitimately on the premises where a search occurred.[1]

Both Yarchin and Cohen disclaim ownership or right to possession of the seized property. They neither claim ownership of the premises searched nor represent that they were on the premises when the search took place. Cohen's counsel did concede that he owned one-third of the stock in the defendant-corporation, The Griswold Corporation, owner of fee title in the entire tract of land and buildings, including the so-called "white building". However, it is their contention that by virtue of the Jones case, supra, they are not required to show that they are "aggrieved persons".

---

1. Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Miguel Ramirez v. United States, 294 F.2d 277 (9th Cir. 1961); Hair v. United States, 110 U.S.App.D.C. 153, 289 F.2d 894 (1961).

The Jones case involved a criminal prosecution for violation of federal narcotics laws, whereby conviction may be had upon proof of possession of narcotics. The court in that case held,

"The * * * element in this prosecution * * *, that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged."

To hold otherwise would permit the government to maintain contradictory positions in forcing the defendants, as a condition precedent to maintaining a motion to suppress, to admit ownership or possession of an item, the ownership or possession of which is tantamount to conviction.

In the instant case, however, Yarchin and Cohen are not being prosecuted under that part of § 5601(a) of the Internal Revenue Code, 26 U.S.C.A., whereby conviction is permitted by mere proof of possession; rather, they are charged with the illegal production of distilled spirits under § 5601(a) (8).

Furthermore, the movants' motion for suppression of evidence is based upon the preliminary entry of October 10, 1960, which is claimed to have been an unreasonable search and seizure.

■ To sustain their motion, they must show not only that the said entry was an unreasonable search and seizure, but that they were the victims of that alleged search and seizure. It is not sufficient to show, as the movants have attempted, that there was an unreasonable search and seizure on October 10th directed at someone else, and that they were aggrieved by the use of information acquired on that date, in the subsequent search and seizure of October 13th, when the warrant was executed.[2] To hold otherwise would be in effect saying that information obtained by an unreasonable search and seizure cannot be used by the federal authorities for any purpose whatsoever against anyone, whether or not they were aggrieved parties. The courts have not yet so decided.

■ Neither Yarchin nor Cohen were aggrieved by the police action of October 10th. They did not have any interest in the premises; none of their property was seized; nor were they on the premises when the alleged search took place. That they are co-defendants of a party who does have standing does not thereby give them an improved status.

However, defendant Griswold Corporation, owner of the mill premises, including the print building through which entry was made to the courtyard, does have standing to make this motion. Thus, if there was an unlawful search and seizure on October 10th, evidence seized under the warrant, issued on the basis of information derived from that entry, is inadmissible against Griswold Corporation.[3]

The Fourth Amendment to the Federal Constitution guarantees, "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, * *." The question is, whether the government's actions on October 10th constituted an unreasonable search and seizure.

■ The officers' entry upon the defendant-corporation's land was but a simple trespass. Even in the case of individuals, their lands outside the curtilage are not protected against unreasonable searches and seizures.[4]

■ Without use of force, they opened the unlocked door of the completely va-

2. Rouda v. United States, 10 F.2d 916 (2d Cir. 1926) ; United States v. Vlahos, 19 F.Supp. 166 (D.Or.1937).

3. Silverthorne Lumber Co., Inc. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) ; Hair v. United States, 110 U.S.App.D.C. 153, 289 F.2d 894

(1961) ; Somer v. United States, 138 F. 2d 790 (2d Cir. 1943).

4. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Carney v. United States, 163 F.2d 784 (9 Cir.) cert. denied, 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400 (1947).

**32**

cant mill building, No. 10. It was not a house or a residence, nor was it ever used as such. The corporation did not conduct its business in this building, nor did it keep its books or possessions there. No property was seized in this building nor was any search made therein. Actually, it was but a convenient access to a position of vantage where they might see or smell the object of their investigation, to verify the information which they had received.[5] There was nothing in their actions which savored of oppression.

■ The object of the Fourth Amendment was to protect against exploratory domiciliary searches.[6] It should not be used to afford persons suspected of crime every possible opportunity to avoid detection[7] or to protect violators of the law where no public interest would be advanced thereby.[8]

The police entry of October 10th was, at worst, merely a trespass; and then only as to the corporate defendant. The Griswold Corporation. Evidence is not rendered inadmissible merely because it has been obtained by a simple trespass.[9]

Nor is the validity of an otherwise legal search and seizure on October 13th destroyed because the federal agents in the process of executing the warrant trespassed on the property of The Griswold Corporation.

■ Finally, the defendants' claim that the warrant was illegally executed is without merit. There has been no evidence to demonstrate that there were any material irregularities in the service of the warrant, in the return, or in the inventory. Any minor irregularities would not invalidate the search warrant or establish a sufficient basis for the suppression of the seized evidence.[10]

Defendants' Motions to Suppress are denied.

The respective motions to produce of defendants, Yarchin, Cohen and The Griswold Corporation, are granted except as to those items destroyed according to law, a list of which was stipulated to by the United States District Attorney. This order shall include documents produced by the defendant Yarchin before the Grand Jury.

All items, except those requiring special storage facilities because of bulk, shall be made available to counsel for these defendants, at the office of the Clerk of the Court at Hartford at such times as may be convenient; provided on all such occasions an official representative of the United States Attorney's office shall be present. All other items shall be made available for inspection at their place of storage or at some other suitable location, in the presence of a representative of the United States Attorney's office.

5. Giacona v. United States, 257 F.2d 450 (5 Cir. 1958).

6. Boyd v. United States, 116 U.S. 616, 625, 6 S.Ct. 524, 29 L.Ed. 746 (1886); United States v. Smith, 68 F.Supp. 737 (D.D.C. 1946).

7. United States v. Frank, 151 F.Supp. 864 (D.C.Pa.1956).

8. United States v. Kaplan, 17 F.Supp. 920 (D.C.N.Y.), rev'd on other grounds, 89 F.2d 869 (2d Cir. 1937).

9. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Carney v. United States, 163 F.2d 784 (9 Cir.

1947), cert. denied, 332 U.S. 824, 68 S.Ct. 165, 92 L.Ed. 400 (1947); Koth v. United States, 16 F.2d 59 (9 Cir. 1926); Gracie v. United States, 15 F.2d 644 (1 Cir. 1926); Vaught v. United States, 7 F. 2d 370 (9 Cir. 1925); United States v. Wilds, 87 F.Supp. 459 (E.D.Tenn.1949).

10. Evans v. United States, 242 F.2d 534 (6 Cir. 1957), cert. denied, 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137 (1957); Nordelli v. United States, 24 F.2d 665 (9 Cir. 1928); Reisgo v. United States, 285 F. 740 (5 Cir. 1923); United States v. Greene, 141 F.Supp. 856 (D.D.C.1956); United States v. Gross, 137 F.Supp. 244 (S.D.N.Y.1956).