Willie B. MURRAY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7615.

United States Court of Appeals
Tenth Circuit.

June 22, 1964.

Eugene T. Hackler, Olathe, Kan.
(Hackler & Speer, Olathe, Kan., on the
brief), for appellant.

Thomas E. Joyce, Asst. U. S. Atty.,
Kansas City, Kan. (Newell A. George,
U. S. Atty., Kansas City, Kan., on the
brief), for appellee.

Before BREITENSTEIN, HILL and
SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was tried by a jury and
convicted of entering and carrying away
money from a bank in violation of 18
U.S.C.A. §§ 2113(a) and 2113(b). His
motion for a new trial was denied, and
he has taken this appeal.

The appellant together with his broth-
er, Albert Murray, and one R. L. Thomas
were originally jointly charged and tried.
A motion for a judgment of acquittal
was sustained on behalf of the defend-
ant Thomas, and the jury could not reach
a verdict as to appellant and his brother
and was discharged. Thereafter the two
brothers were again tried, and the jury
found Albert Murray not guilty and the
appellant guilty.

The government introduced in evidence
at the second trial of the two accused
a quantity of currency which had been
seized during the course of a search of a
building located at 3411 Michigan Av-
enue in Kansas City, Missouri. This
evidence was the subject of a motion to
suppress which was heard before the
first trial of the appellant and his broth-

er. The arguments on this motion concerned primarily the question as to whether or not the arrest of the brother, Albert Murray, was legal. It was argued by the Government on that occasion that the money was found through a search which was incidental to the arrest of Albert Murray. The appellant during the course of the second trial objected to the introduction of this evidence on the ground that it was the result of an illegal search and seizure of his home, and based his motion for a new trial on the same ground. The question on the motion for a new trial, and before us on this appeal, thus concerns primarily the legality of a search as to this particular appellant.

The record shows that the police officers in Kansas discovered that the Mission State Bank had been entered, and they found an automobile nearby, the engine of which was still warm. In this car were billfolds of this appellant and of his brother, Henry Lee Murray. This identification led the officers to 3421 Michigan Avenue, Kansas City, Missouri. This address was the home of the mother and stepfather of the appellant. The officers then went to 3411 Michigan Avenue which was several houses from the original address, and upon entering a second floor apartment on these premises, the officers found and arrested Albert Murray. There was no warrant for the arrest nor for the search of the premises. The officers searched the second floor, and concealed in a hole under a bathroom floor was found the currency which was subsequently introduced in evidence. A portion of the money was wrapped in tape bearing a teller's stamp from the Mission State Bank and was further identified as coming from the cash drawer which had been burglarized. The introduction of this evidence is the subject of this appeal.

At about the same time that this search was made of 3411 Michigan Avenue, the appellant was arrested in the vicinity of the car which the officers had found near the scene of the crime. The appellant and the former defendant, R. L. Thomas, were driving past this car when arrested.

The record shows that R. L. Thomas, who was an accused in the first trial, rented three rooms of the second floor of 3411 Michigan Avenue. The building there located was owned by the mother of the appellant and his stepfather. There were tenants on the first floor of the building which was formerly a residence. The record also shows that a bedroom and perhaps some additional space on the second floor was not rented, but was used by the appellant and his brothers from time to time, together with the Thomas apartment.

The argument of the appellant on the introduction of the money in evidence, upon the motion for a new trial, and on this appeal is that the currency was obtained by an illegal search of 3411 Michigan Avenue. Appellant claims this was his home, his house, or his living quarters, which were protected from the search by the Fourth Amendment to the Constitution of the United States. The initial question is whether or not this appellant had a personal right to have the premises protected against the search under the Fourth Amendment of the Constitution.

The trial court ruled that the appellant's constitutional rights were not violated by the search. A number of witnesses testified as to the use which the appellant and his brothers made of the premises searched. The testimony does not indicate whether the bathroom where the money was found was part of the space rented to the tenant, whether it was for the common use of the second floor, or whether appellant ever used it on his visits. The three rooms rented by R. L. Thomas consisted of a bedroom, livingroom, and kitchen on the second floor. The record shows that there was at least an additional bedroom and one bathroom on this floor. The appellant and his brothers used at least this bedroom and apparently the premises rented by R. L. Thomas, to whom they referred as a cousin. There appears to be a stairway at the back of the house which leads

into a hallway on the second floor, and the bathroom is adjacent to the stairwell. Nothing further as to the location or use of the bathroom appears in the record other than the indication it may be in such a hallway, and thus an isolated room. As indicated, the money was found in a hole underneath this bathroom floor. The defendant, Albert Murray, who was acquitted, testified that the appellant slept on these premises occasionally. R. L. Thomas testified that the Murray boys took their meals with their mother at 3421 Michigan Avenue. Another witness testified that the appellant "was living down there [3411 Michigan Avenue] part-time, * * *." The stepfather testified that the premises were not bought as a home for the boys, but they had been "living down there sometimes." The mother of the appellant testified that Willie lived at 3411 Michigan Avenue sometimes, but that all of the boys ate their meals at her home at 3421, that she did the washing and ironing for them, and that she kept rooms for all of them at 3421, and she further stated that "I keep their rooms for them is where they really live with me." She also testified that the appellant did quite a bit of sleeping at 3411. The record further shows that the stepfather of the appellant disapproved of music and parties in the home, and that his stepsons, including the appellant, had parties and music at 3411 Michigan Avenue with the knowledge of their parents. The record also shows that appellant and his brothers worked for their stepfather in his janitorial service. This necessitated work at nights, and occasionally instead of coming to the home at 3421 the sons or some of them would sleep at 3411.

The record as a whole thus shows that this appellant slept occasionally in the bedroom at 3411 or in the Thomas rooms; that his mother maintained rooms for him at 3421 Michigan Avenue, where she did his washing and ironing, and where he took his meals, and presumably where he slept when not at 3411. The record as a whole further shows that the appellant and his brothers used 3411, which is referred to generally, from time to time as a meeting place or place for recreation and parties which were not permitted in the home.

 In the federal courts, the exclusion of evidence secured by an illegal search is the method adopted to enforce the right of privacy provided in the Fourth Amendment to the Constitution. This was announced in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, and subsequently was incorporated in Rule 41(e) of the Federal Rules of Criminal Procedure. Whether this is the best enforcement or protective device has been frequently debated. Thus the purpose is to deter unlawful searches, and to protect indirectly the constitutional rights of the accused. Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312. The suppression of such evidence is thus an exception to the general rule that all relevant evidence should be admitted. Evidence sought to be excluded is admissible until the accused has established that his rights under the rule have been invaded. The burden to establish facts necessary to sustain his position is on the person seeking to avail himself of the rule. Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Wilson v. United States, 218 F.2d 754 (10th Cir.). The contentions of appellant here concern the status of the premises searched rather than the status of the property seized during the search. The appellant was not on or near the premises when they were searched.

 We have held upon several occasions that the right to be protected in this manner under the Fourth Amendment is a personal one. Williams v. United States, 323 F.2d 90 (10th Cir.), cert. den. 376 U.S. 906, 84 S.Ct. 659, 11 L.Ed.2d 605; Steeber v. United States, 198 F.2d 615, 33 A.L.R.2d 1425 (10th Cir.); Coon v. United States, 36 F.2d 164 (10th Cir.). Thus did appellant seek to sustain his burden of showing facts to demonstrate that his personal right, his right of privacy, was invaded

by the search of the bathroom on the second floor of the premises at 3411 Michigan Avenue. We hold that he failed to sustain the burden. The record does not show whether the bathroom searched was a part of the premises rented by the tenant Thomas, or whether it was a part of the second floor area which was not rented by appellant's parents who owned the building, or whether it was used at all by the appellant and his brothers, or whether used by all. The trial judge found the facts to be that the premises were so situated and used that the personal rights of the appellant had not been invaded by the search. This finding will be accepted by this court unless clearly erroneous.

We held in Coon v. United States, 36 F.2d 164 (10th Cir.), that the legality of a search can be raised by a "lawful occupant" of the premises searched, that is by the person whose rights have been invaded. Other cases from this circuit refer to the interest or ownership of the objects seized, but all require that an interest be established by the person who claims it to have been violated. The appellant's use of the premises rented by R. L. Thomas and his use of the unrented bedroom on the second floor at 3411 Michigan Avenue was an occasional one for recreation primarily. The general premises were owned by appellant's parents, and we find that appellant has not established on the record before us that his right of privacy was invaded by the search. Appellant has not met his burden to show facts demonstrating that his personal rights were involved. The facts as to appellant's use of, or connection with, the portion of the building where the money was found was not shown. It is unusual to separate the portions of the building searched in a case of this nature, but it is necessary to do so. It is necessary because different portions had different use and status as far as appellant was concerned. The record is not entirely clear, but it may be concluded that the bathroom in question is a separate part of the premises for these purposes. The second floor

tenant did not rent it, but there is no evidence that appellant used it. There was also access to it from the ground floor. Thus some consideration must be given to these factors. It is not shown that appellant kept any possessions on the premises searched, nor made any use of the particular portion here concerned. The record only shows that he made occasional use of a bedroom on the second floor and use of the Thomas apartment. The record shows also that appellant had his room at his mother's house, that he took his meals there, and she did his washing and ironing there. Where he kept his clothes is not shown.

As indicated above the appellant was some ten miles from the place in question at the time it was searched. We have given careful consideration to Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, which announced a departure from any real property concepts in the evaluation of the defendant's standing to object to the introduction of evidence obtained during an unlawful search in his presence. In the cited case the defendant was present during the search and admitted ownership of some of the objects seized. The Court stated that "anyone legitimately on premises where a search occurs may challenge its legality," but this "would of course not avail those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched." The Court further stated that the defendant's testimony established consent of the owner or lessees of the apartment searched "to his presence in the apartment." The standard applied in the Jones case of anyone "legitimately on the premises" can only apply to a person who is on the premises when they are searched. The standard could not be applied to such casual presence in times past. The standard of the Jones case thus does not apply to the case at bar. However if a broader protection of the Fourth Amendment is indicated by the decision, and if the concepts of real property should not be applied even to the situ-

ation at hand, we still find that the rights of the appellant were not violated.

Since we do not go beyond this initial and fundamental question, we do not reach the other issues presented relating to the legality of the arrest of the co-defendant on the premises searched.

Affirmed.