UNITED STATES of America

v.

Helen WOOD, Defendant.

No. 66 CR. 745.

United States District Court
S. D. New York.

Feb. 2, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for plaintiff, Stephen F. Williams, New York City, of counsel.

Eugene Gibilaro, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves herein for an order: (1) pursuant to Rule 16 of the Federal Rules of Criminal Procedure directing the United States Attorney to permit defendant's counsel to inspect and copy any relevant statements or confessions made by said defendant; and (2) pursuant to Rule 41 of said Rules directing suppression of certain evidence seized during a search of a basement beneath defendant's place of business conducted pursuant to a search warrant.

Defendant is charged in a three-count indictment with having in her possession chattels, each having a value of more than $100.00, to wit, three Underwood typewriters, which had been stolen from an interstate shipment, knowing the same to have been stolen, in violation of Title 18 U.S.C. § 659 (1964).

### Motion for Discovery and Inspection.

Defendant alleges that at the time of her arrest, she was taken to an office of the Federal Bureau of Investigation where she was questioned with respect to the charges set forth in this indictment. A written statement was signed by her but she was not given a copy of it. The Government contends that no sufficient reason has been given for the Court to exercise its discretion and grant defendant the relief sought.

Rule 16(a) of the Federal Rules of Criminal Procedure provides in pertinent part that

Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant * * * within the possession, custody or control of the government * * *.

■ I have recently held that under the amended Rule 16(a), a defendant is not required to advance a "compelling" reason for discovery and inspection before a motion under said Rule is granted. Nevertheless, some demonstration of need will be required before the Court will grant such request. United States v. Leighton, 265 F.Supp. 27, S.D.N.Y., Jan. 23, 1967; United States v. Diliberto, 264 F.Supp. 181, S.D.N.Y., Jan. 5, 1967; cf. United States v. Roberts, 264 F.Supp. 622, S.D.N.Y., Dec. 29, 1966.

■ No such showing has been made herein, and, accordingly, this motion will be denied unless defendant, within ten (10) days of the date of this order, will submit an affidavit to me setting forth the grounds for the request. If such affidavit is submitted, the Government will be afforded an opportunity to answer within five (5) days of its receipt of said papers.

### Motion to Suppress.

Defendant alleges that on or about August 31, 1966, agents of the Federal Bureau of Investigation visited her store in Manhattan while she was absent therefrom. A search warrant was served on her son, who was in charge of the store at that time. The agents "then * * * proceeded to the basement of said premises and conducted a search thereof." While searching said basement, three typewriters, empty cartons and papers were found and seized. Defendant seeks

to suppress the use of these items on the ground that there was no probable cause for the issuance of the search warrant.

Before reaching the issue of probable cause, I have serious reservations with respect to the standing of this defendant to challenge the search. Any discussion of standing necessarily must include a detailed examination of the Supreme Court's decision in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In *Jones,* the defendant was convicted of violating the federal narcotics law, to wit, 26 U.S.C. § 4704(a) (sale, etc., of narcotics not from the original stamped package) and 21 U.S.C. § 174 (facilitating concealment and sale of narcotics knowing the same to have been illegally imported). Prior to trial, he moved to suppress any evidence obtained pursuant to the execution of a search warrant because the warrant had allegedly been issued without probable cause. The district judge denied the motion on the ground that petitioner neither alleged ownership of the seized articles nor had an interest in the apartment searched greater than that of an invitee or guest, and, hence, lacked standing to object.

In reversing Jones' conviction, the Supreme Court noted that "ordinarily * * * it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy." Id. at 261, 80 S.Ct. at 731. To show this invasion of privacy or "to establish 'standing' Courts of Appeal have generally required that the movant claim either to have owned or possessed the seized property or to have had a substantial possessory interest

in the premises searched." Ibid. However, where a conviction may be obtained on a mere showing of possession (such as a federal narcotics conviction), Rule 41(e) of the Federal Rules of Criminal Procedure should not be utilized to deprive a defendant of standing. Otherwise, a defendant in such a case would be faced with the anomalous situation wherein possession would both convict and confer standing, and a conviction should not be based on such internally inconsistent theories. Id. at 261, 263, 264, 80 S.Ct. 725.

With respect to the interest in the premises necessary to confer standing, Mr. Justice Frankfurter, writing for the *Jones* majority, abrogated the "property" requirement previously promulgated by the appellate courts [1] (Id. at 266–267, 80 S.Ct. 725) by stating that "anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him." Id. at 267, 80 S.Ct. at 734.

Summarizing the *Jones* decision, I find that the Supreme Court has promulgated the following rules:

(1) Ordinarily, in order to challenge a search, the defendant must assert a proprietary or possessory interest in the property seized or the premises searched, or he must be on the premises lawfully at the time of the search. See United States v. Bozza, 365 F.2d 206, 223–224 (2d Cir. 1966); United States v. Thomas, 342 F.2d 132 (6th Cir.), cert. denied, 382 U.S. 855, 86 S.Ct. 105, 15 L.Ed.2d 92 (1965); Murray v. United States, 333 F.2d 409 (10th Cir. 1964); Fisher v. United States, 324 F.2d 775 (8th Cir. 1963), cert. denied, 377 U.S. 999, 84 S.Ct. 1935, 12 L.Ed.2d 1049, re-

---

1. E.g., Gaskins v. United States, 95 U.S. App.D.C. 34, 218 F.2d 47, 48 (1955) (per curiam) (no standing to guests); Steeber v. United States, 198 F.2d 615, 617 (10th Cir. 1952) (exercise of dominion or control over premises required); Jeffers v. United States, 88 U.S.App.D.C. 58, 187 F.2d 498, 501 (1950), aff'd, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951) (owner-ship in or right to possession of the premises required); United States v. Conoscente, 63 F.2d 811 (2d Cir.) (per curiam), cert. denied, 290 U.S. 642, 54 S.Ct. 60, 78 L.Ed. 557 (1933) (workman on premises lacked standing); Connolly v. Medalie, 58 F.2d 629, 630 (2d Cir. 1932) (per curiam) (night watchman on premises had no standing).

hearing denied, Lindquist v. U. S., 379 U.S. 873, 85 S.Ct. 24, 13 L.Ed.2d 81 (1964); Williams v. United States, 323 F.2d 90 (10th Cir. 1963), cert. denied, 376 U.S. 906, 84 S.Ct. 659, 11 L.Ed.2d 605 (1964); Smith v. United States, 321 F.2d 954 (9th Cir. 1963); United States v. Paroutian, 299 F.2d 486 (2d Cir. 1962); United States v. Romano, 203 F.Supp. 27, 30 (D.Conn.1962).

■ (2) Where the Government need only prove possession to convict a defendant of a crime, said defendant will have standing to contest a search and seizure even though he may deny possession or ownership of property seized and interest in the premises searched and was not present on the premises at the time of the search. United States v. Bozza, supra; United States v. Konigsberg, 336 F.2d 844, 847 (3d Cir.), cert. denied, 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 344 (1964).

■ (3) A defendant legitimately present on the premises searched will have standing to attack the seizure of any goods or the validity of the search regardless of proof of lack of a possessory or a proprietary interest in the premises. United States v. Thomas, supra, 342 F.2d at 135; Murray v. United States, supra 333 F.2d at 412.

■ Thus, I must now determine whether standing has been in any manner conferred by the criteria set forth in Jones.[2] The first issue to be resolved is whether the indictment charges a crime where the conviction flows merely from proof of possession. In United States

v. Konigsberg, supra, defendants were indicted, tried and convicted of violating 18 U.S.C. § 659—the same statute allegedly violated in the instant case. The Court rejected defendants' contention that this is the type of case alluded to in Jones, reasoning that possession is only one necessary element of a § 659 crime and, by itself, is insufficient to convict. 336 F.2d at 847; see United States v. Bozza, supra 365 F.2d at 222–223; United States v. Romano, supra 203 F.Supp. at 31. Hence, in the instant case, following the decision in Konigsberg, I find that the requirement of standing cannot be dispensed with.[3]

Since I have determined that the requirement of standing must be met, I now consider whether standing has been sufficiently alleged. Because of what has been hereinbefore set forth, the only way in which defendant would have standing is if she has alleged a sufficient possessory or proprietary interest in the premises. Reiterating what has been earlier set forth, defendant alleges that a search warrant was served on her son who was in charge of her store. The agents then "proceeded to the basement of said premises and conducted a search thereof." There is no showing by defendant that she had any interest in the basement. Even examining the statement in a light most favorable to her, defendant has done nothing more than alleged the mere possibility of an interest in that portion of the premises.

■ A person seeking to suppress relevant evidence has the burden of proving that his personal rights under the

---

**2.** The third principal of *Jones* has no bearing herein since, by her own admission, defendant was not on the premises lawfully or otherwise at the time of the search. See United States v. Thomas, 342 F.2d 132 (6th Cir.), cert. denied, 382 U.S. 855, 86 S.Ct. 105, 15 L.Ed.2d 92 (1965); Murray v. United States, 333 F.2d 409 (10th Cir. 1964).

**3.** I have my doubts whether *Jones* should not be extended to include all cases where possession is a necessary element of the crime charged. However, it is clear that the *Jones* holding is limited as set forth

in the accompanying text supra. Nevertheless, it would appear that the rationale of *Jones* (that where possession both confers standing and convicts, standing need not be alleged) should apply equally to cases where possession is a necessary element of the crime because "where the indictment itself charges possession, the defendant in a very real sense is revealed as a 'person aggrieved by an unlawful search and seizure' upon a motion to suppress evidence prior to trial." Jones v. United States, 362 U.S. at 264, 80 S.Ct. at 733.

fourth amendment have been violated. Murray v. United States, supra 333 F. 2d at 411–412; cf. Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Defendant has failed to show whether the basement searched was part of the store area leased or owned by her and, hence, has failed to establish that her right of privacy was invaded by the search. Murray v. United States, supra 333 F.2d at 412. Accordingly, I find that defendant has failed to sufficiently allege standing to challenge the search.

However, even assuming that defendant had satisfied her burden of proof with respect to the standing issue, I would not suppress the use of the seized items in this case for it is most clear that there was probable cause for the issuance of the warrant.

The affidavit of the agent states that the F.B.I. was informed by a trucking company that some 400 Olivetti-Underwood typewriters en route from Italy to New York had been stolen, and that one Clarence Holt [4] informed the agent that on the premises to be searched he had seen some 40 such typewriters, including one with a serial number 054569. This number corresponded to that of one of the typewriters reported stolen.

█ I do not see how defendant would require the affiant to allege anything more than has been set forth. There is no need to establish that Holt was a previously reliable informer. United

States v. Bozza, supra, 365 F.2d at 225. The Constitution requires that there be a "substantial basis" for the issuer of the warrant to conclude that an offense was being committed. Rugendorf v. United States, 376 U.S. 528, 533, 84 S. Ct. 825, 11 L.Ed.2d 887 (1964); United States v. Bozza, supra, 365 F.2d at 225. Where the application is based on hearsay, there must be a substantial basis for crediting the statement of the declarant. Jones v. United States, supra, 362 U.S. at 269, 80 S.Ct. 725; United States v. Bozza, supra, 365 F.2d at 225; cf. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). This would require the United States Commissioner (the issuing officer) to be informed of some underlying circumstances upon which affiant has relied to conclude that the information received is reliable. Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L. Ed.2d 723 (1964); United States v. Bozza, supra, 365 F.2d at 225.

█ In the case at bar, agent Cook in his affidavit stated that Holt informed him that he (Holt) was on the premises, saw the typewriters and supplied the agent with a serial number of one of the machines. When the number given by Holt corresponded to that of one of the stolen typewriters, there was probable cause for the issuance of the warrant. See United States v. Bozza, supra.[5]

At this point, I see no need for conducting a hearing on the within motion to suppress. Only one fact—the interest

---

4. Although the issue has not been raised by counsel for defendant, the status of the informant Holt has been investigated and, from information supplied me by the United States Attorney's Office, it would appear that Holt is neither a government agent nor was he unlawfully on the premises at the time the typewriters were originally seen by him.

5. The facts of *Bozza* relating to search and seizure bear a striking resemblance to the facts presented herein. In *Bozza*, the affiant, a state police officer, investigated the burglary of a motor vehicle agency from which validating machines, license forms and inspection stickers had been

stolen. One Brown reported purchasing stolen drivers' licenses and other items from Kuhle. These items were found in Brown's possession. On the basis of these allegations, a search of Kuhle's home was authorized. The Court of Appeals stated, "The identity of the licenses found on Brown with those known by * * * [the affiant] to have been stolen was a far stronger reason for believing Brown's story than a record of an informer's previous reliability." 365 F.2d at 225. In the case at bar, the serial number supplied by Holt which matched the number known by the F.B.I. agent was strong evidence of credibility.

of the defendant in the premises searched—is in dispute. Since I have determined that even if defendant has standing there was probable cause for the issuance of the warrant, the fact in dispute is of no significance.

Accordingly, defendant's motion to suppress is in all respects denied.

The motions are disposed of as set forth herein.

So ordered.